The PEOPLE of the State of Colorado, Complainant,

v.

Nancy L. MYERS, Attorney–Respondent.

No. 95SA348.

Supreme Court of Colorado, En Banc.

Dec. 4, 1995.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Nancy L. Myers, Salida, pro se.

PER CURIAM.

In a stipulation, agreement, and conditional admission of misconduct, C.R.C.P. 241.18, Nancy L. Myers, the respondent in this lawyer discipline case, admitted that she neglected a criminal case and filed a misleading witness and exhibit list in the same case. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be suspended for thirty days from the practice of law. We accept the conditional admission and the inquiry panel's recommendation.

I

The following relevant facts are contained in the conditional admission. The respondent was admitted to practice law in Colorado in 1990. On August 2, 1994, the respondent was appointed to represent a defendant in two criminal cases pending in Fremont County and Custer County. The defendant was charged with sexual assault on a child and sexual assault on a child by a person in a position of trust. Pursuant to the respondent's motion, an investigator was appointed to assist the respondent in preparation of the cases. The respondent failed to properly supervise this investigator, however, and did not take steps to ensure that the defendant's cases were investigated in an appropriate and timely manner, nor were her motions timely filed. Moreover, the respondent failed to order transcripts of the testimony at the preliminary hearing in preparation for trial and for use at the trial.

The respondent's conduct led to the court's replacing her with another lawyer, resulting in delays in the trials. The respondent has stipulated that the foregoing conduct violated R.P.C. 1.1 (a lawyer shall provide competent representation to a client which requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation); and R.P.C. 1.3 (a lawyer

shall act with reasonable diligence and promptness in representing a client and shall not neglect a legal matter entrusted to that lawyer).

In addition, in January 1994, the respondent filed a document in one of the criminal cases entitled "Defendant's Witness and Exhibit List." The document stated that the respondent would call a certain expert witness who held the opinion that the defendant did not fit the profile of a perpetrator of sexual assault on a child. The respondent states that she discussed the defendant's case with the expert, although the expert does not recall ever speaking to the respondent. However, the respondent admits that the expert never spoke with the defendant and never formed any opinion about the defendant. This conduct violated R.P.C. 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II

The parties recommended that the respondent be disciplined by either a public censure or a thirty-day suspension. In approving the conditional admission, the inquiry panel recommended that the respondent be suspended for thirty days. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43. However, with respect to the misleading witness and exhibit list, the ABA *Standards* also provides that "[s]uspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court ... and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding." *Id.* at 6.12. *See People v. Walker,* 832 P.2d 935, 936 (Colo.1992) (lawyer's overbilling for travel time and court time spent while the lawyer was serving by appointment warranted a ninety-day suspension).

The respondent has received three admonitions within the last fourteen months. *See* ABA *Standards* 9.22(c) (a pattern of misconduct is an aggravating factor for purposes of assessing appropriate sanction). In mitigation, however, and as the assistant disciplinary counsel concedes, the respondent was under considerable stress during the relevant period of time. *Id.* at 9.32(c) (the presence of personal or emotional problems is a mitigating factor). Considering the seriousness of the misconduct, the respondent's disciplinary history, and the mitigation here present, we conclude that a short period of suspension is warranted. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

## III

It is hereby ordered that Nancy L. Myers be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent pay the costs of this proceeding in the amount of $49.25 within thirty days after the issuance of this opinion to the Supreme Court Grievance Committee, 600—17th Street, Suite 920–S, Denver, Colorado 80202.