**The PEOPLE of The State of Colorado, Complainant,**

v.

**William M. CASEY, Attorney–Respondent.**

**No. 97SA155.**

Supreme Court of Colorado,
En Banc.

Dec. 2, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Lance M. Sears, Colorado Springs, for Attorney–Respondent.

PER CURIAM.

■ A hearing panel of the supreme court grievance committee approved the findings and the recommendation of a hearing board that the respondent in this lawyer discipline case be suspended for forty-five days from the practice of law and be ordered to take and pass the Multi–State Professional Responsibility Examination (MPRE). The respondent has excepted to the recommendation as too severe. We disagree, and we accept the recommendation of the hearing panel and hearing board.

I.

The respondent was licensed to practice law in Colorado in 1989. The complainant and the respondent entered into an unconditional stipulation which the hearing board accepted. Based on the stipulation and evidence presented at the hearing, the board made the following findings by clear and convincing evidence.

In December 1994, S.R., a teenager, and her mother, met with the senior partner at the law firm where the respondent was an associate. In August 1994, S.R. attended a party held in the home of third parties. The police were called and they cited several persons at the party with trespassing and underage drinking. S.R. gave the police a driver's license in her possession that had been issued to her friend, S.J. A criminal summons charging trespass was issued to S.R. in the name of her friend, S.J. Since she was not aware of the summons in her name, S.J. failed to attend the first court hearing and a bench warrant was issued in her name. S.R., posing as S.J., later appeared to reset the matter. S.R. was arrested, jailed, and later released under the name of S.J.

After being assigned the case by the senior partner, the respondent wrote to the Colorado Springs City Attorney's Office, and advised the City Attorney, falsely, that he represented S.J., when he actually represented S.R. He requested and obtained discovery using S.J.'s name. He also notified the court clerk of his entry of appearance in the S.J. case. The senior partner "consulted and advised" the respondent, but the hearing board did not make findings as to when this occurred or as to the details of the conversation.

On February 14, 1995, the respondent appeared at a pretrial conference scheduled for S.J. His client, S.R., waited outside during the hearing. Although he spoke with an assistant city attorney about the case, the respondent did not reveal his client's true identity. The assistant city attorney agreed to dismiss the S.J. matter. The respondent presented the city's motion to dismiss the case and the court entered an order of dismissal on February 14, 1995.

Prior to the pretrial conference, S.J. called the respondent about the case. The respondent told her that he intended to get the trespassing charge dismissed, but that S.J. would then have to petition on her own to get the criminal record sealed. He also told S.J. the date and time of the pretrial hearing.

After the case was dismissed, the respondent met with his client and her mother, and S.J. and her stepfather. S.J. was upset that the respondent had spoken with the assistant city attorney outside of S.J.'s presence and she wanted to know if her name had been cleared. The respondent took S.J. and her stepfather outside, and explained that the trespassing charge had been dismissed and that his client would pay the court costs. The respondent admitted that S.J. would nevertheless have a criminal record and that she would have to petition the court to have her criminal record sealed. S.J.'s stepfather subsequently called his lawyer who reported the events to the district attorney.

The respondent stipulated that the foregoing conduct violated Colo. RPC 1.2(d) (counseling a client to engage, or assisting a client, in conduct that the lawyer knows is criminal or fraudulent)[1]; Colo. RPC 3.3(a)(1) (know-

---

1. Section 18–5–113, 6 C.R.S. (1997), provides in part:

**18–5–113. Criminal impersonation.** (1) A person commits criminal impersonation if he

ingly making a false statement of material fact or law to a tribunal); Colo. RPC 3.3(a)(2) (failing to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and C.R.C.P. 241.6(3) (violating the highest standards of honesty, justice or morality).

## II.

The hearing panel approved the hearing board's recommendations that the respondent be suspended for forty-five days and be required to take and pass the MPRE. The respondent has excepted to the panel's action. He contends that a public censure rather than suspension is appropriate, primarily because his mental state at the time of the misconduct was at most "negligent," rather than "knowing" as found by the hearing board.

■ The respondent portrays his situation as involving a close question between the loyalty he owed his client, and his duty to the court. He apparently seeks to invoke the status of a "subordinate lawyer," as addressed in Colo. RPC 5.2:

Rule 5.2. **Responsibilities of a Subordinate Lawyer**

(a) A lawyer is bound by the Rules of Professional Conduct notwithstanding that the lawyer acted at the direction of another person.

(b) *A subordinate lawyer does not violate the Rules of Professional Conduct if that lawyer acts in accordance with a supervisory lawyer's reasonable resolution of an arguable question of professional duty.*

(Emphasis added.) He asserts that before he succeeded in getting the trespass charge dismissed, he studied the applicable ethical rules. Colo. RPC 1.6 provides in part:

knowingly assumes a false or fictitious identity or capacity, and in such identity or capacity he:
. . .
(d) Does an act which if done by the person falsely impersonated, might subject such person to an action or special proceeding, civil or

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

(b) A lawyer may reveal the intention of the lawyer's client to commit a crime and the information necessary to prevent the crime.

However, Colo. RPC 3.3, which the respondent admits to having violated, states:

**Rule 3.3. Candor Toward the Tribunal**

(a) A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal;

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

. . . .

(b) *The duties stated in paragraph (a) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.*

(Emphasis added). Colo. RPC 3.3(a)(2) applies because of his initial appearance before the court in which he represented, falsely, that he was appearing on behalf of the named defendant, S.J. At the pretrial conference he presented the motion to dismiss to the court resulting in the case being dismissed. The respondent had the duty to disclose to the court that his client was impersonating S.J. in the criminal proceedings.

■ Further, Colo. RPC 3.3(b) clearly resolves the respondent's claimed dilemma in that it provides that the duty to be truthful to the court applies even if to do so requires disclosure of otherwise confidential information. It is not "arguable" that the respondent's duty to his client prevented him from fulfilling his duty to be truthful to the court.

criminal, or to liability, charge, forfeiture, or penalty; or
(e) Does any other act with intent to unlawfully gain a benefit for himself or another or to injure or defraud another.
(2) Criminal impersonation is a class 6 felony.

*See id.* The protection afforded by Colo. RPC 5.2(b) for a subordinate who acts in accordance with a supervisory lawyer's direction is not available to the respondent. However, as discussed below a good-faith, but unsuccessful, attempt to bring an ethical problem to a superior's attention to receive guidance may be a mitigating factor.

We conclude that the hearing board's findings with respect to the respondent's mental state are supported by the record. The board stated:

> H. Respondent's conduct and violations of the Rules of Professional Conduct was not done negligently, but instead reveals a course of knowing conduct over an appreciable period of time, resulting in false and material information being submitted to the court, which without any remedial action being taken by the Respondent, caused both potential injury to a party to the legal proceeding and an adverse effect on the legal proceeding.

 The Terminology section of the Rules of Professional Conduct states, " 'Knowingly,' 'known,' or 'knows' denotes actual knowledge of the fact in question. *A person's knowledge may be inferred from circumstances.*" (Emphasis added.) We agree with the board that the respondent engaged in "a course of knowing conduct over an appreciable period of time, resulting in false and material information being submitted to the court."

> When they are approved by the hearing panel, the board's factual findings are binding on this court unless, after considering the record as a whole, the findings are unsupported by substantial evidence. *People v. Genchi,* 824 P.2d 815, 817 (Colo. 1992); *People v. Bennett,* 810 P.2d 661, 665 (Colo.1991). When acting as a fact finder, the hearing board has the duty to assess the credibility of evidence before it, controverted and uncontroverted. *People v. Distel,* 759 P.2d 654, 662 (Colo.1988).

*People v. Dieters,* 825 P.2d 478, 481 (Colo. 1992). In addition, by assisting his client in continuing her impersonation of S.J., the respondent's conduct resulted in at least potential harm to S.J.

Under the ABA *Standards for Imposing Lawyer Sanctions* 6.12 (1991 & Supp.1992) (ABA *Standards* ):

> Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

The hearing board found the following factors in mitigation: the absence of a prior disciplinary record, *see id.* at 9.32(a); full and free disclosure to the board or a cooperative attitude in the disciplinary proceedings, *see id.* at 9.32(e); inexperience in the practice of criminal law, *see id.* at 9.32(f); and the expression of remorse, *see id.* at 9.32(*l* ).

The respondent takes issue with the one aggravating factor that the hearing board found, that he has substantial experience in the general practice of law. *See id.* at 9.22(i). Given the particular circumstances of the respondent's legal career, we will assume for the purpose of this disciplinary analysis that the respondent's experience in the practice of law is not itself an aggravating factor.

We conclude that the record supports an additional factor in mitigation, although not included in ABA *Standards* 9.32. The respondent tried to bring his claimed ethical dilemma to the senior partner for his advice. The record indicates that the senior partner failed to provide adequate guidance to the respondent.

 While we have determined that Colo. RPC 5.2(b) does not entitle the respondent to immunity, an attempt to obtain guidance from a senior partner and a failure of a senior partner to suggest a reasonable and ethical course of conduct for the respondent could be a factor to be considered in mitigation. *See* Irwin D. Miller, *Preventing Misconduct by Promoting the Ethics of Attorneys' Supervisory Duties,* 70 Notre Dame L.Rev. 259, 302–304 (1994) (suggesting that the ABA *Standards* should explicitly recognize a subordinate's good faith efforts to

prevent misconduct by seeking supervision as a mitigating factor). Here, the board's finding that the senior partner "consulted and advised" the respondent, without detail about the advice, if any, given is inadequate to allow us to conclude that the consultation is a mitigation factor.

We conclude that the respondent's misconduct is serious enough to warrant a short suspension. The respondent's professed confusion regarding his professional responsibilities confirms that he should be required to take and pass the MPRE. Accordingly, we accept the board's and panel's recommendations. However, three members of the court would impose a more severe sanction.

### III.

It is hereby ordered that William M. Casey be suspended from the practice of law for forty-five days, effective thirty days after this opinion is released. The respondent is ordered to take and pass the Multi–State Professional Responsibility Examination within one year from the date of this opinion. The respondent is also ordered to pay the costs of this proceeding in the amount of $2,270.64 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.