**The PEOPLE of the State of Colorado, Complainant,**

v.

**Joseph B. HUGHES, Attorney–Respondent.**

**No. 97SA369.**

Supreme Court of Colorado,
En Banc.

Oct. 19, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

Joseph B. Hughes, Pro Se, Bountiful, UT.

PER CURIAM.

This is a lawyer discipline case. On at least four occasions after his driver's license was revoked, the respondent, Joseph B. Hughes, drove a vehicle. He also failed to appear in two cases involving his illegal driving. Hughes defaulted before the hearing board. A hearing panel of the supreme court grievance committee approved the findings of a majority of the hearing board and recommended that Hughes be suspended for three years. We accept the hearing panel's recommendations and suspend the respondent for three years.

I

The respondent was admitted to practice law in Colorado in 1975. He did not answer the formal complaint filed in this case and a default was entered against him.[1] The allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo. 1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

Hughes's driver's license was revoked on July 9, 1990, for a period of five years, based on his convictions for driving under influence of alcohol in 1984, 1986, and 1987. On March 28, 1995, a Castle Rock police officer observed Hughes collide with a guardrail. When he checked, the officer found an outstanding warrant for the respondent's arrest arising from his failure to appear in El Paso County on charges of driving under suspension, speeding, and no proof of insurance. Hughes was convicted in El Paso County on May 12, 1995, of driving while his license was revoked.

The hearing board also found that the respondent had been convicted on November 7, 1991, of speeding, and on July 8, 1993, of driving while under suspension. These convictions occurred while his driver's license was under revocation.

---

1. See part II below.

As a result of the guardrail incident on March 28, 1995, a complaint was filed on December 6, 1995, charging the respondent with driving after revocation prohibited, a class 6 felony. *See* 42–2–206(1), 11 C.R.S. (1998). The court issued a warrant for the respondent's arrest. Hughes has since left the state. Although aware of the pending charges and the warrant for his arrest, Hughes has neither been arrested nor has he appeared voluntarily on the Douglas County charges.

The respondent's conduct thereby violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's fitness); Colo. RPC 8.4(d) (engaging in conduct that is prejudicial to the administration of justice); and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law); as well as C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).

## II

One member of the hearing board recommended that the respondent be suspended for three years. Another member thought disbarment was warranted, but joined the first member's recommendation of three years for the purpose of reaching a majority recommendation to be sent to the hearing panel. The third member believed that suspension for one year and one day was the maximum permissible sanction, especially given the apparent failure to serve the respondent personally with notice of the disciplinary proceedings. The hearing panel approved the three-year recommendation, and the complainant has not excepted to that recommendation.

C.R.C.P. 241.25(b) states in part:

**(b) Notice and Service of Process.** Except as may be otherwise provided by these Rules or by order of the Supreme Court, notice shall be in writing, and the giving of notice and service of process shall be sufficient when made either personally upon the lawyer or by certified mail, sent to the lawyer at either his last known address as provided by the lawyer pursuant to C.R.C.P. 227 *or such later address*

*as may be known to the person effecting service.*

(Emphasis added.) The dissenting board member questioned whether the respondent had received proper notice of the hearing since the notices that were sent to addresses in Wyoming and Massachusetts by certified mail were returned unclaimed. The board member noted that no attempt had been made to serve Hughes at an address in Bountiful, Utah, even though there were references in the record to that address as the respondent's last known address.

Pursuant to this court's order, the Office of Disciplinary Counsel caused notice to be sent to the Utah address. Hughes received the notice and filed a response to the complaint. In his response, Hughes did not object to his failure to receive prior notices, indicating that "most motions and numerous other papers have always reached him. Any notice of an actual hearing never reached him and was being watched for among all of the other papers. The same addresses used for all other papers would have sufficed." The response continued:

Having a hearing may be moot. The prosecutor has indicated a warrant for a driving under revocation offenses with a mandatory one-year prison sentence is pending. *I believe this matter can be resolved by paper submitted, meaning this information.* Should a hearing be required, I would request an out-of-state location such as Cheyenne.

(Emphasis added.) Hughes's response does not contain a valid defense to the disciplinary charges, and no further hearing is necessary, but we have considered the information he submitted in determining the proper sanction.

As the hearing board noted, Hughes continued to operate a motor vehicle for years even though his driver's license was under revocation, and was accordingly charged with violating section 42–2–206(1), 11 C.R.S. (1998) (driving after revocation prohibited), a class 6 felony. Although each member of the hearing board had a different opinion regarding the appropriate sanction, the hearing board as a whole "believe[d] that the pattern of respondent's conduct which, if

considered separately, might appear of minor significance, clearly indicates respondent's indifference to his legal obligations, and seriously and adversely reflects on his fitness to practice." Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 [pertaining to intentional conduct involving dishonesty, fraud, deceit, or misrepresentation, or serious criminal conduct not implicated here] and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12.

Hughes has a history of discipline, which is an aggravating factor for disciplinary purposes. *See id.* at 9.22(a). He received a letter of admonition in 1988; a private censure in 1990; and two more letters of admonition, one in 1994 and one in 1995. There is also a pattern of misconduct, *see id.* at 9.22(c); multiple offenses, *see id.* at 9.22(d); and Hughes has substantial experience in the practice of law, *see id.* at 9.22(i). Because he did not appear before the board members, they did not find any mitigating factors. However, Hughes's response following the Utah service indicates the presence of personal or emotional problems as a mitigating factor. *See id.* at 9.32(c).

Considering the extent and duration of the misconduct, and the prior discipline, a long period of suspension is warranted.

Accordingly, we accept the recommendations of the hearing panel and hearing board majority.

### III

It is hereby ordered that Joseph B. Hughes be suspended from the practice of law for three years, effective immediately. It is further ordered that Hughes pay the costs of this proceeding in the amount of $540.75 within thirty days after this opinion is announced to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435. Hughes shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)-(d). Moreover, as additional conditions of reinstatement, Hughes must demonstrate by clear and convincing evidence that he has resolved the outstanding arrest warrant and criminal charges pending in Douglas County, and his alcohol abuse is under control.