**The PEOPLE of the State of Colorado, Complainant,**

v.

**Nancy L. MYERS, Attorney–Respondent.**

**No. 98SA305.**

Supreme Court of Colorado, En Banc.

Dec. 14, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, Colorado, for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

The lawyer in this discipline case, Nancy L. Myers, defaulted before the hearing board and has not appeared in this court. Myers failed to appear at her own trial for driving under the influence of alcohol. A hearing panel of the grievance committee approved the findings and recommendation of the hearing board that Myers be suspended for one year and one day. We accept the recommendations and suspend the respondent for a year and a day.

I.

Nancy L. Myers was admitted to practice law in Colorado in 1990. She did not answer the formal complaint filed in this case and a default was entered against her. The allegations of fact contained in the complaint were therefore admitted. C.R.C.P. 241.13(b); *People v. Pierson*, 917 P.2d 275, 275 (Colo. 1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

On August 14, 1996, the vehicle that Myers was driving was stopped in Chaffee County because of her failure to use a turn signal. The officer who stopped Myers smelled the odor of an alcoholic beverage on her breath and, after asking her to perform a roadside sobriety test, arrested her for driving under the influence of alcohol. A breath test indicated that Myers had a blood alcohol content of 0.117%. She was charged with Driving Under the Influence. After a change of venue to Lake County on the respondent's motion, Myers's first court appearance was set for November 7, 1996. In early November 1996, however, Myers left the United States to teach in South Korea.

When Myers did not appear on November 7, the county court issued a bench warrant for her arrest. Although the county court judge denied her request to enter a plea by mail, he granted her motion to stay the bench warrant until November 4, 1997, at which time Myers was to appear and proceed with the case. Myers did not appear in the county court at any time in November 1997.

█ Since Myers defaulted, we find an admission of the substance of the charges for purposes of this proceeding. When she drove under the influence of alcohol, Myers violated the criminal law of this state, contrary to C.R.C.P. 241.6(5), and she engaged in conduct adversely reflecting on her fitness to practice law, in violation of Colo. RPC 8.4(h). Her failure to appear in the county court constituted conduct prejudicial to the administration of justice, *see* Colo. RPC 8.4(d), and again adversely reflected on her fitness to practice, *see* Colo. RPC 8.4(h).

## II.

█ The hearing panel approved the board's recommendation that the respondent be suspended for a year and a day. Myers has not filed exceptions to the panel's action or otherwise appeared in this court.

If the respondent's misconduct involved only driving under the influence, a public censure might be appropriate. *See People v. Rotenberg*, 911 P.2d 642, 643 (Colo.1996). Her failure to appear in the county court exacerbates the misconduct, however.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction "when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22. A period of suspension is therefore appropriate in this case.

We suspended the lawyer in *People v. Hughes*, 966 P.2d 1055, 1057 (1998), for three years. Hughes drove on at least four occasions after his driver's license was revoked, and failed to appear in two cases involving his illegal driving. *See id.* at 1055–56. Hughes had a history of discipline, which is an aggravating factor for disciplinary purposes. *See* ABA *Standards* 9.22(a).

Like Hughes, Myers has previous discipline. She was suspended for thirty days in 1995 for neglecting a client's criminal case and for filing a misleading witness and exhibit list. *See People v. Myers*, 908 P.2d 101, 102 (Colo.1995). Because she did not appear before the hearing board, no mitigating factors were found. Considering the seriousness of Myers's conduct together with her total nonparticipation in these proceedings, we conclude that a long period of suspension with the requirement of reinstatement proceedings is warranted. Accordingly, we accept the recommendations of the hearing board and hearing panel.

## III.

It is hereby ordered that Nancy L. Myers be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. It is further ordered that Myers pay the costs of this proceeding in the amount of $124.11 within thirty days after this opinion is announced to the Supreme Court Grievance Committee (or the successor entity), 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435. Myers shall not be reinstated until after she has complied with C.R.C.P. 251.29.