**In the Matter of Arthur Woods PORTER, Attorney–Respondent.**

**No. 98SA509.**

Supreme Court of Colorado, En Banc.

May 10, 1999.

Linda Donnelly, Attorney Regulation Counsel, Kenneth Pennywell, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

Wolf & Slatkin, P.C., Raymond P. Micklewright, Denver, Colorado, Attorneys for Attorney–Respondent.

PER CURIAM.

This is a lawyer discipline case. The respondent, Arthur Woods Porter, was licensed to practice law in Colorado in 1983. Porter and the complainant executed a stipulation, agreement, and conditional admission of misconduct, *see* C.R.C.P. 241.18, which recommended that Porter be suspended from the practice of law for forty-five days. An inquiry panel of the grievance committee approved the conditional admission and its recommendation. We accept the conditional admission and suspend Porter for forty-five days.

## I. *The Conditional Admission*

Charles Hughes hired Porter in June 1994 to determine if he had a professional liability action against two lawyers who had represented his ex-wife in their dissolution after representing Porter and his then-wife in matters that eventually were contested in the dissolution.

In a letter dated November 4, 1994, Porter advised Hughes that there were sufficient grounds to file an action against the lawyers and their law firm for breach of fiduciary duty and outrageous conduct. Hughes informed Porter in March 1995 that he wanted to proceed with the action. He paid Porter $760.40 as an advance fee for filing the action.

Porter filed a complaint against the defendants and their law firm on June 27, 1995. The defendants filed an answer and asked for attorney fees to be awarded in their favor because of the "frivolous and groundless" nature of the cause of action. On or about December 31, 1995, the deadline for Porter to file a certificate of review expired. According to Porter, he did not believe one was necessary. The defendants filed a motion to dismiss because of the absence of a certificate of review. Porter filed a certificate of review on February 9, 1996. He has admitted that the certificate he filed was untimely and it was inadequate under section 13–20–602(1) and (3), 5 C.R.S. (1998). It was filed more than sixty days after service of the complaint. *See* § 13–20–602(1). The certificate of review stated that "a panel of professionals who have reviewed the known facts, records, documents, and other materials which are relevant to this matter reached the conclusion that the defendants' conduct which gave rise to this matter was inappropriate and, as such, this action does not lack substantial justification." The defendants filed a motion to strike the certificate of review, alleging that Porter's panel was in fact a reference to a panel of the supreme court grievance committee. At the motions hearing, Porter stated that the professionals he had consulted were two associates of his law firm. Porter made the same representation to an investigative counsel with the Office of Disciplinary Counsel following the filing of a request for investigation against him.

In fact, although one of the associates had done research on the Hughes case for Porter, neither associate had authorized Porter to use them for purposes of a certificate of review. Neither of them had even been asked to give such an opinion on Hughes's cause of action. The court dismissed the case on June 28, 1996, because of Porter's failure to file a timely and adequate certificate of review. Porter's untimely demand for a jury had previously been stricken. The court granted Porter's motion to withdraw on August 30, 1996. Hughes had already advised Porter that he had neither the financial nor emotional resources to start over with a new lawyer. Porter did refund the attorney fees that Hughes had paid him.

Porter has stipulated that his conduct violated Colo. RPC 1.1 (failing to provide competent representation to a client); 1.3 (neglecting a legal matter); 3.3(a)(1) (recklessly making false statements of material fact or

law to a court without verifying the truth or accuracy of the statements); 8.1(a) (recklessly making a statement of material fact in a disciplinary matter); 8.4(c) (engaging in conduct involving dishonesty, deceit, fraud, or misrepresentation); and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

## II. *The Sanction*

The inquiry panel approved the conditional admission and its recommendation of a forty-five day suspension. In the absence of aggravating or mitigating factors, the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) indicates that a

> [s]uspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

ABA *Standards* 6.12. Similarly, a suspension is warranted when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

In mitigation, Porter has no prior discipline in fifteen years of practice. *See id.* at 9.32(a). According to the complainant, Porter has cooperated in these proceedings, *see id.* at 9.32(e), and has expressed remorse for his misconduct, *see id.* at 9.32(*l* ).

We suspended the lawyer in *People v. Myers*, 908 P.2d 101 (Colo.1995), for thirty days for neglecting a criminal case and filing a misleading witness and exhibit list in the case. *See id.* at 101–02. The harm caused in *Myers* was not as serious as in this case as while it resulted in a delay of the trial, it did not cause the loss of a client's cause of action. *See id.* at 101. Myers had previously received three letters of admonition, however, an aggravating factor not present in this case. *See id.* at 102.

In *People v. Casey*, 948 P.2d 1014 (Colo. 1997), we suspended Casey for forty-five days for failing to inform the court that his client who was facing a trespassing charge was actually using another person's identity, causing at least potential harm to the person whose identity had been assumed. *See id.* at 1015. Like Porter, Casey had no previous discipline. *See id.* at 1017. Comparing the misconduct in this case with that in *Myers* and *Casey*, we agree with the inquiry panel that a suspension for forty-five days is an adequate sanction. Accordingly, we accept the conditional admission. It should be noted, however, that at least two members of the court would have rejected the conditional admission and sent the case back for further proceedings.

## III.

It is hereby ordered that Arthur Woods Porter be suspended from the practice of law for forty-five days, effective thirty days after this opinion is issued. Porter is also ordered to pay the costs of this proceeding in the amount of $2,130.43 within thirty days of the date on this decision to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432.