**In the Matter of Nancy L. MYERS, Attorney–Respondent.**

**No. 98SA434.**

Supreme Court of Colorado, En Banc.

May 17, 1999.

Linda Donnelly, Attorney Regulation Counsel, James S. Sudler, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

**ORIGINAL PROCEEDING IN DISCIPLINE**

PER CURIAM.

Nancy L. Myers is the respondent in this lawyer discipline case. She defaulted before the grievance committee and has not appeared in this court. A hearing panel of the grievance committee approved the findings and recommendation of a hearing board that Myers be suspended for ninety days for her inappropriate conduct towards the complaining witnesses in a criminal case brought against her client. Although we accept the recommendations, we order that the ninety day suspension is to run consecutively to the suspension for a year and a day that Myers is currently serving for unrelated misconduct.

### I.  *The Proceedings Below*

Nancy L. Myers was admitted to practice law in this state in 1990. She answered the formal complaint filed in this case, but she did not appear at the hearing, or submit any evidence. The hearing board found the following facts by clear and convincing evidence.

Mary Jones and Bill Smith (not their real names) operated a newspaper distribution business in Buena Vista, Colorado. At the end of August 1995, they discovered that $1,800 was missing from the business. They suspected Debbie Johnson (not her real name), one of their employees. Johnson later admitted to them that she had taken the money and she was subsequently charged with theft in Buena Vista District Court. The $1,800 was significant to Jones and Smith because they made most of their money in the summer, which was almost over.

Johnson spoke with Myers about representing her on the theft charges. On September 30, 1995, Myers called Jones and said that she did not represent Johnson on the criminal charges. However, she told Jones that the money Johnson had stolen would be returned if Jones was willing to drop the theft charges. The money would be available as soon as Jones and Smith dropped the charges. Jones declined to try to have the theft charges dismissed in exchange for immediate restitution.

Myers talked with Jones again on October 7, 1995. Myers said that she was now representing Johnson and that the case could take a long time if her client waived her right to a speedy trial. This information upset Jones because she needed the stolen money back.

On November 14, 1995, Myers called Smith and discussed with him the possibility that Johnson might plead guilty to a misdemeanor and, in exchange, Johnson would pay restitution directly to him and Jones. If Johnson was not offered a reduction in the charge to a misdemeanor, she would probably be placed on probation and would pay restitution at $20 per month. During the same phone call, Myers told Smith that she had information that he was involved in illegal drug sales and usage. She also told him that she knew about his felony conviction for larceny in Idaho.

Smith told Myers that he thought that the larceny charge (which was almost thirty years old) had been dismissed. He asked Myers how to get the charge off his record, and she told him it would be costly to do so. At the time that the complainant took Smith's deposition for this proceeding, he still thought that his criminal record indicated that he was a "grand larcenist." In fact, there was no record of any conviction for Jones when Myers told him there was; only one for an arrest.

Before Jones and Smith called the police about the theft, Johnson executed a written confession to stealing the money, which she signed. Beneath Johnson's name, Smith signed his name, as a witness. Myers told him that because he did not write "witness" next to his name on the confession, Smith "was as guilty as [Johnson] was."

Early in these proceedings, Myers told the hearing board that she was living and teaching in South Korea and she asked that the hearing be set in November or December 1997 so she could attend. The hearing was held on December 11, 1997, but Myers did not appear.

## II. Findings and Recommendation

The complainant argued that Myers's offers to Jones and Smith for immediate restitution if the charges were dropped against her client constituted conduct prejudicial to the administration of justice, in violation of Colo. RPC 8.4(d). According to the complainant, asking the victims of a crime to drop charges in exchange for immediate restitution is very close to bribing or tampering with a witness. The hearing board disagreed, but admitted that it could find no law either way on this issue. The complainant has not excepted to this finding and therefore the issue has not been briefed or argued in this court. Given the record in this case, we leave to another day the resolution of this issue.

The hearing board did conclude, however, that other aspects of Myers's phone conversations with the victims violated the Rules of Professional Conduct. When she first talked to Jones, Myers indicated that she did not represent Johnson, making it appear as if she was a neutral party or mediator when she was not. After not persuading Jones to tell the district attorney that she wanted to drop the charges, Myers called Smith and in effect told him that she would use a nonexistent criminal record against him if the case went to trial. Myers led Smith to believe that he had a record of a criminal conviction when he did not. Finally, when Myers told Smith that he was as guilty as her client because he also signed the confession without indicating his role, this could reasonably be construed as a threat that criminal charges would be lodged against him, as could her references to Smith's alleged selling and using illegal drugs.

The hearing board determined that Myers thereby violated Colo. RPC 4.1(a) (making false or misleading statements to third persons); 4.3 (giving advice to an unrepresented person); 8.4(d) (engaging in conduct prejudicial to the administration of justice); and 8.4(h) (engaging in conduct adversely reflecting on a lawyer's fitness to practice).

The hearing board recommended that Myers be suspended for ninety days. The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer engages in communication with an individual in the legal system when the lawyer knows that such communication is improper, and causes injury or potential injury to a party or causes interference or potential interference with the outcome of the legal proceeding." *Id.* at

6.32. On the other hand, a public censure is warranted "when a lawyer is negligent in determining whether it is proper to engage in communication with an individual in the legal system, and causes injury or potential injury to a party or interference or potential interference with the outcome of the legal proceeding." *Id.* at 6.33. The hearing board determined that the public censure recommended in ABA *Standard* 6.33 would be the presumptive sanction, at least in the absence of aggravating factors. The board concluded, however, that the aggravating factors present in this case pointed to the imposition of at least a short suspension.

Myers has a significant history of prior discipline. She received two letters of admonition in 1993 and was suspended for thirty days in 1995 for neglecting a client's criminal case and for filing a misleading witness and exhibit list. *See People v. Myers,* 908 P.2d 101, 102 (Colo.1995). Following the misconduct in this case, Myers was charged with driving under the influence of alcohol and she failed to appear in county court for the DUI case. *See People v. Myers,* 969 P.2d 701, 702 (Colo.1998). It was for this misconduct that we suspended her for a year and a day, which suspension she is currently serving. *See id.* Since that occurred after the events in this case, we consider that evidence of a pattern of misconduct, *see* ABA *Standards* 9.22(c), rather than previous discipline. The hearing board also found that Myers's victims were vulnerable because they very much needed the money that Johnson had stolen from them, *see id.* at 9.22(h). Finally, Myers obstructed the disciplinary process by asking that the hearing and the depositions be delayed until she returned from South Korea, but then failed to appear after her request was granted. *See id.* at 9.22(e), (f). She also had the opportunity to file a written legal argument, but did not do so. Myers did not attend the hearing or submit any evidence so no mitigating factors were found.

Considering the nature of the misconduct in this case, and the aggravating factors, we agree that a ninety-day suspension is appropriate. However, because she is now serving a suspension for a year and a day for unrelated misconduct, we have decided to make the ninety-day suspension consecutive to her year and a day suspension. *See People v. Hanks,* 967 P.2d 144, 146 (Colo.1998).

### III.

Accordingly, it is hereby ordered that Nancy L. Myers is suspended from the practice of law for ninety days, effective upon the expiration of the one year and one day suspension she is currently serving. It is further ordered that Myers shall pay the costs of this proceeding in the amount of $929.39 within thirty days after the announcement of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432.