**In the Matter of Nicholas A. WIMMERSHOFF Attorney–Respondent.**

**No. 99SA27.**

Supreme Court of Colorado, En Banc.

May 22, 2000.

As Modified June 12, 2000.

PER CURIAM.

This is an attorney regulation case. A hearing board found that the attorney-respondent, Nicholas A. Wimmershoff, charged his client an unreasonable fee, deposited part of this unreasonable fee into his operating account (although it had not been fully earned), failed to adequately explain the basis of his fee to the client, and violated the rules governing contingent fee agreements. A hearing panel of our former grievance committee[1] approved the board's findings and its recommendation that Wimmershoff be publicly censured and be required to disgorge the unreasonable part of the fee to his former client. The complainant excepts to the recommendation as too lenient; he asserts that Wimmershoff should be suspended for a year and a day because the evidence shows that he negligently misappropriated client funds. Wimmershoff also filed exceptions to the panel's action. He alleges that the board erred when it found his fee to be unreasonable, and that the misconduct that remains warrants only private discipline.

To be consistent with our recent decision in *In re Sather*, 3 P.3d 403, 417 (Colo. 2000), we will not discipline Wimmershoff for failing to deposit the unearned portion of what is arguably a flat fee into a trust account. We conclude, however, that Wimmershoff did charge an unreasonable fee, did not adequately explain the basis of his fee to the client, and violated the rules governing contingent fee agreements. We believe that a public censure plus restitution is the appropriate sanction for these ethical violations.

I.

Nicholas A. Wimmershoff was admitted to practice law in this state in 1979. The misconduct charged in the complaint relates to Wimmershoff's representation of Pamela Sue Thompson in a workers' compensation case and a social security disability proceeding,

John S. Gleason, Attorney Regulation Counsel, James C. Coyle, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

Nicholas A. Wimmershoff, Pro Se, Longmont, Colorado.

1. By order of the supreme court dated June 30, 1998, effective January 1, 1999, the grievance committee was superseded by the reorganization of the attorney regulation system. The same order provided: "All attorney discipline cases in which trial has occurred prior to January 1, 1999 before a Hearing Board ... shall be reviewed by the applicable Hearing Panel at a final meeting to be held in 1999...." Order re Reorganization of the Attorney Regulation System (Colo. June 30, 1998), *reprinted in* 12 C.R.S. at 605 (1999). This case was tried on April 1, 1998, and was reviewed by the hearing panel on December 11, 1998.

both arising from a single injury. This disciplinary proceeding focuses on Wimmershoff's misconduct in the workers' compensation case. At the hearing, the parties sharply disagreed about the meaning of the terms contained in Wimmershoff's fee agreement, and the effect of the agreement itself. Taking all of the conflicting evidence into account, the hearing board made the following findings by clear and convincing evidence.

Thompson and Wimmershoff entered into a contingent fee agreement dated December 1, 1993, with respect to the workers' compensation case. The agreement provided that Thompson "agrees to pay to [Wimmershoff] for services in this case 20% ... of any and all ... Workmen's Compensation benefits received." The contingency on which the payment of this fee was based was "the receipt of ... Workmen's Compensation benefits by [Thompson]." Wimmershoff modified this agreement on or about April 14, 1994. The board specifically found that the complainant did not prove by clear and convincing evidence that Thompson did not approve this modification. Wimmershoff became concerned that his efforts would not generate a recovery large enough to make the 20% contingency fee worthwhile, at least from his standpoint. So Wimmershoff requested, and Thompson paid him, an additional $1000 on April 14, 1994. The parties characterized this $1000 in a number of different ways. Thompson testified that she thought it was a "retainer." Wimmershoff testified that he had performed services for Thompson in the amount of $672 by April 14, based on his hourly rate of $120.00. By this reckoning, Wimmershoff stated that he had over $1000 invested in the case by June 13, 1994. At the hearing, Wimmershoff characterized the $1000 as a "maximum" fee. But the board found that this characterization was not supported by the parties' conduct. For one thing, Wimmershoff never credited the $1000

toward the contingency fee. Moreover, he sometimes called the $1000 a "minimum" fee, but never explained what services it covered. The board concluded that the $1000 was an additional fee, over and above the contingent fee. In any event, Wimmershoff placed this $1000 in his operating account and spent all of it by April 28, 1994. Thus, by his own account, Wimmershoff treated the entire $1000 as if it were his own property before it was completely earned. *See In re Sather*, 3 P.3d at 411, 412–413, 2000 WL 655914.

Under the 20% contingency fee agreement, Wimmershoff was entitled to $2,499. However, he charged and collected a total of $3,499, including the $1000 additional fee. The hearing board found that in 1993, contingency fees in workers' compensation cases were restricted to a maximum of 20%. It therefore concluded that "when a lawyer in a workers' compensation case charges a fee which exceeds the statutory maximum he has charged a fee which is 'unreasonable' in violation of Colo. RPC 1.5(a)." [2]

The board also found that Wimmershoff violated Colo. RPC 1.15(a) [3] when he deposited the $1000 into his operating account, despite his own admission that at least part of this fee had not been earned when the deposit was made and thus was the property of the client. The board concluded, however, that this did not necessarily violate Colo. RPC 8.4(c) [4] and that the complainant did not prove that Wimmershoff's commingling of personal and client funds constituted a knowing misappropriation.

Finally, the board determined that Wimmershoff failed to adequately convey the basis and rate of his fee to the client, contrary to Colo. RPC 1.5(b), and that he violated Colo. RPC 1.5(c) [5] because the agreement did not comply with Chapter 23.3 of the Colorado Rules of Civil Procedure, "Rules Governing

---

2. Colo. RPC 1.5(a) provides in part that "[a] lawyer's fee shall be reasonable."

3. Colo. RPC 1.15(a) states that "an attorney shall hold property of clients or third persons that is in an attorney's possession separate from the attorney's own property."

4. Colo. RPC 8.4 provides, "It is professional misconduct for a lawyer to ... (c) engage in conduct

involving dishonesty, fraud, deceit or misrepresentation...."

5. Colo. RPC 1.5(c) states that "[a] contingent fee shall meet all of the requirements of Chapter 23.3 of the Colorado Rules of Civil Procedure, 'Rules Governing Contingent Fees.'"

Contingent Fees," Rule 4(a)(3), which requires that a written contingent fee agreement contain an estimate of the expenses necessary to bring the matter to a conclusion.

## II.

The hearing panel approved the board's findings and the recommendation that Wimmershoff be publicly censured and ordered to reimburse the $1000 "additional fee" to Thompson. The complainant argues that suspension for a year and a day is warranted because the evidence showed that Wimmershoff negligently misappropriated at least part of the $1000 by depositing it into his operating account and treating the unearned portion of it as his own property. Wimmershoff, on his part, recognizes that he should not have commingled the unearned part of his $1000 fee in his operating account, but contends that the board's finding that he did not misappropriate the funds should be upheld. However, Wimmershoff challenges the board's finding that his fee was unreasonable, in violation of Colo. RPC 1.5(a).

▬▬ Notwithstanding the board's findings with respect to the commingling of personal and client funds and Wimmershoff's admissions, we elect not to discipline Wimmershoff for violating Colo. RPC 1.15(a). Based on the testimony of the parties, we view the $1000 fee Wimmershoff collected as, arguably, a form of a flat fee. As we expressed in *In re Sather*, such fees must be deposited into a trust account until the attorney earns the fee by performing legal services for the client. *See* 3 P.3d at 411, 412–413, 2000 WL 655914. However, because we recognize that a substantial number of attorneys place such fees into their operating accounts upon receipt, we decide not to enforce this requirement until we formally promulgate and adopt new rules. *See id.* at 25–27, at 415–417, 2000 WL 655914. Our resolution of this issue also dissuades us from pursuing the complainant's allegation that Wimmershoff negligently misappropriated client funds by commingling and then spend-

ing the unearned portion of Thompson's $1000.

## A.

▬▬ We do address Wimmershoff's contention that his fee was not unreasonable, however. Wimmershoff asserts that only the director of the division of workers' compensation has the authority to determine the reasonableness of attorney's fees in a workers' compensation case. We disagree. The regulation of the practice of law, including the determination of a lawyer's compliance or noncompliance with the Code of Professional Responsibility (such as Colo. RPC 1.5(a)), resides exclusively with this court. *See People v. Varallo*, 913 P.2d 1, 3 (Colo.1996).

▬▬ Second, Wimmershoff's fee was unreasonable under section 8–43–403. In April 1994, when the fee agreement between Wimmershoff and his client was modified from the straight 20% contingency fee, section 8–43–403(1), 3B C.R.S. (1996 Supp.), provided:

> (1) ... On unappealed contested [workers' compensation] cases, a contingent fee exceeding twenty percent of the amount of contested benefits shall be presumed to be unreasonable. At the request of either an employee or the employee's attorney, the director shall determine what portion of the benefits awarded were contested, or the reasonableness of the fee charged by such attorney, or both.

Wimmershoff did not request any such determination of the reasonableness of his fee.[6] Weighing the conflicting evidence, the hearing board found that the $1000 provided for in the modified agreement was in addition to the 20% contingent fee allowed by statute. The hearing board's finding that this was an additional fee is supported by evidence in the record — the testimony of Thompson and of the lawyer she hired after firing Wimmershoff—and we will not overturn it. *See People v. Casey*, 948 P.2d 1014, 1017 (Colo.1997). Moreover, section 8–43–403 continues:

> (2) Any attorney who represents any party in a workers' compensation case

6. The lawyer that Thompson hired after discharging Wimmershoff did request a hearing to determine the reasonableness of Wimmershoff's fee, but apparently no such hearing was held.

shall provide the party with a written fee agreement which sets forth, in full, the attorney's specific fee arrangement, including the criteria upon which the attorney bases his hourly or set fee and the circumstances in which any modifications or adjustments to such fee will be made.... *Contingent fee agreements shall be in conformity with all applicable provisions of the said code or of rules of the supreme court .... No such fee agreement may be enforced against any party unless it complies with the requirements of this section and is signed by both parties.* Any attempt by an attorney who intentionally does not comply with this section and who seeks to enforce a fee agreement which does not comply with the requirements of this section *shall be presumed to be a violation of the code of professional responsibility as adopted by the supreme court of Colorado.*

(Emphasis added.) The hearing board found, and Wimmershoff does not dispute, that his contingent fee agreement violated the rules governing contingent fees. Thus, section 8–43–403(2) implies that Wimmershoff's fee agreement was unenforceable as well as unethical. We therefore reject Wimmershoff's argument that the hearing board erred when it found his fee agreement to be unreasonable in violation of Colo. RPC 1.5(a).

### B.

■ The question that remains is the appropriate discipline for the violations of Colo. RPC 1.5(a), 1.5(b), and 1.5(c). Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) [hereinafter ABA *Standards* ], "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." ABA *Standards, supra,* 7.2. Charging an unreasonable fee is such a violation, *see People v. Sather,* 936 P.2d 576, 579 (Colo.1997), and the board stated that Wimmershoff's excessive fee injured his client.

On the other hand, a public censure is warranted "when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." ABA *Standards, supra,* 7.3. The commentary to standard 7.3 indicates that "[c]ourts typically impose reprimands [public censures] when lawyers engage in a single instance of charging an excessive or improper fee." This case involves only the one instance of charging an improper fee.

The board also found the following factors in aggravation and mitigation. In aggravation, Wimmershoff had a selfish (but not dishonest) motive, *see id.* at 9.22(b), and he has substantial experience in the practice of law, *see id.* at 9.22(i).[7] In mitigation, Wimmershoff has not previously been disciplined in over twenty years of practice. *See id.* at 9.32(a). Weighing the aggravating and mitigating factors together with the seriousness of the misconduct, we conclude that a public censure is an adequate sanction. Given Wimmershoff's refusal to voluntarily refund any part of the $1000 additional fee, we believe that private discipline would be too lenient. We also agree with the hearing board that Wimmershoff should return that amount to his client, and we so order.

### III.

Nicholas A. Wimmershoff is hereby publicly censured. He is ordered to refund $1000 to Pamela Sue Thompson within thirty days of the date of this opinion. He further is ordered to pay the costs of this proceeding in the amount of $1,201.77 within ninety days of the date of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202.

---

**7.** Because we have elected not to discipline Wimmershoff for violating 1.15(a), we will disregard the board's finding of the presence of multiple offenses as an aggravating factor. *See* ABA *Standards, supra,* 9.22(d).