The PEOPLE of the State of Colorado, Complainant,

v.

Eugen A. ARCHULETA, Attorney-Respondent.

No. 81SA474.

Supreme Court of Colorado, En Banc.

Nov. 30, 1981.

Philip A. Harley, Disciplinary Prosecutor, Denver, for complainant.

Eugen A. Archuleta, pro se.

LOHR, Justice.

After disciplinary proceedings were commenced before a hearings committee of the Supreme Court Grievance Committee, the respondent, Eugen A. Archuleta, executed a Stipulation, Agreement and Offer of Surrender of License, by which he acknowledged that he had committed certain de-

scribed acts of professional misconduct constituting cause for discipline under C.R.C.P. 241 B. He offered to surrender his license to practice law until October 1, 1982, as discipline for breach of his duties as a lawyer. The hearings committee made findings and conclusions based on the stipulation and oral testimony, and recommended acceptance of the Stipulation, Agreement and Offer of Surrender of License. The hearings panel unanimously approved the findings, conclusions and recommendation of the hearings committee. We now adopt the recommendation that the respondent's offer to surrender his license until October 1, 1982, be accepted.

The respondent was admitted to the bar of this court on May 22, 1978, and is subject to our jurisdiction. The four violations of professional obligations to which he has stipulated can be summarized briefly.

First, on October 9, 1978, the respondent agreed to represent a convicted felon, who had received a governor's pardon, in efforts to have his criminal record expunged. From the time of his employment until June of 1980, when he left the private practice of law, the respondent did not do the work necessary to accomplish that task.

Second, in January 1980 the respondent agreed to represent a divorced woman in efforts to have her former husband cited for contempt of court for failure to make decreed child support payments. Although the respondent prepared the necessary documents, by reason of his inattention and neglect no citation was issued. In June 1980, without pursuing the child support matter further, the respondent left the private practice of law and moved from the Denver area to become a deputy district attorney in Montrose. He left the file with someone with whom he shared office space.

Third, in March 1980, the respondent agreed to represent Myrl H. Williams in his dispute with the purchaser of his residence with respect to an allegedly premature and improper eviction of Williams from that residence. Williams paid the respondent $240 as a retainer. When the respondent left the practice of law in June of 1980, he had not performed any work for Williams and did not make suitable arrangements to obtain substitute counsel. Although the respondent offered to return the $240 retainer, he has not done so.

Finally, on April 8, 1980, the respondent agreed to represent Frances Rose in a divorce proceeding and accepted $100 as a retainer and $50 as costs from her. The hearing on final orders was set for June 23, 1980. Although Rose traveled to Denver by airplane to be present at the hearing, the respondent failed to appear, made no arrangements for substitute counsel, and did not advise Rose that he would not be present.

On February 13, 1981, the respondent voluntarily placed himself on inactive status and has not practiced law since that time.

The respondent stipulated that his acts and omissions violated C.R.C.P. 241 B, DR1–102(A)(1) (violation of a disciplinary rule), DR2–110(A)(2) (withdrawal from employment without taking steps to avoid prejudice to his client's rights), DR6–101(A)(3) (neglect of a legal matter entrusted to him), and DR7–101(A)(2) (failure to carry out a contract of employment entered into with a client for professional services).

Pursuant to the stipulation, the respondent is to surrender his license until October 1, 1982. Thereafter, he may apply for reinstatement under C.R.C.P. 253 but "must demonstrate his fitness to practice law, rehabilitation, competency and restitution to [Williams and Rose]." If he does not apply for reinstatement prior to October 1, 1986, he may be required to take and pass the bar examination to prove his competence to practice law. The respondent also agrees to pay the costs of this proceeding, which are $62.83, within thirty days after this court's acceptance of his offer to surrender his license and agrees that reinstatement is not to be granted until the costs are paid.

We agree that the discipline proposed in the respondent's Stipulation, Agreement and Offer of Surrender of License is appropriate for the misconduct which he has admitted. Accordingly, we accept the surren-

der of his license for a period extending to October 1, 1982; order that he pay the costs of this proceeding in the amount of $62.83 within thirty days of issuance of this opinion; and direct that he be reinstated only upon application complying with the conditions previously recited in this opinion.