The PEOPLE of the State of
Colorado, Complainant,

v.

J. Eline GARRETT,
Attorney–Respondent.

No. 90SA448.

Supreme Court of Colorado,
En Banc.

Dec. 24, 1990.

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

This attorney discipline case is before us on the recommendation of a hearing panel of the Supreme Court Grievance Committee that the attorney-respondent, J. Eline Garrett, be suspended for a period of six months and that she be required to petition for reinstatement under C.R.C.P. 241.22(c), which applies to an attorney who is suspended for more than one year. We accept the panel's recommendation.

I.

J. Eline Garrett was admitted to practice law in Colorado in 1986 and, accordingly, she is subject to the disciplinary jurisdiction of this court and its grievance committee. Garrett defaulted in the proceedings before the grievance committee and the following facts were found to be established by clear and convincing evidence.

The respondent agreed to represent Donna J. Buis in the appeal of Buis' disability claim and Buis entered into a contingency fee agreement with Garrett's firm in June 1987. Garrett did no work on Buis' case from the time she was retained to handle the case until May 1989 when Garrett, after several requests from Buis, finally returned Buis' case file to her. During this time, Buis made numerous attempts to contact Garrett by telephone and letter. Garrett failed to respond to most of Buis' requests for information. On the two or three occasions during this two-year period when she did respond, Garrett falsely told Buis that she was negotiating with the insurance company and that the insurance company was prepared to settle.

Garrett's professional misconduct in the Buis matter is subject to discipline under C.R.C.P. 241.6 and violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 6–101(A)(3) (neglect of a legal matter), DR 7–101(A)(2) (failure to carry out a contract of employment for professional services), and DR 9–102(B)(4) (failure promptly to deliver client's property).

The grievance committee also found that the respondent committed several acts of professional misconduct in her dealings with the committee when it attempted to investigate Buis' complaint. Garrett made a number of false and misleading statements to the grievance committee investigator. For example, she obtained two extensions of time to respond to the request for investigation on the grounds that the complaint was a serious matter requiring much thought and a serious response.

However, her response, when finally submitted, consisted of a one paragraph denial of Buis' allegations. Garrett claimed that she would supplement her response with records which then were being copied but such records were never supplied. During this time period, Garrett relocated to Telluride without advising the grievance committee or changing her address on file with the Attorney Registration Office. It was only through investigation that the grievance committee was able to trace Garrett. The evidence indicates that there were no records being copied for submission to the grievance committee and Garrett also lied to the investigator when she claimed to have notified the Attorney Registration Office of her change of address.

The respondent's professional misconduct in her dealings with the grievance committee is grounds for discipline under C.R.C.P. 241.6. She violated C.R.C.P. 227(2)(b) requiring an attorney to notify the court within thirty days of the change of her business address. She also violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule), and DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II.

In determining what discipline is proper, we are guided by the ABA *Standards for Imposing Lawyer Sanctions* (1986). The record before us does not indicate the disposition of Buis' disability claim and we cannot conclude that Buis suffered serious or potentially serious injury as a result of Garrett's misconduct. Under these facts, suspension is the recommended form of discipline. *See* Standard 4.42(b) (suspension generally appropriate when lawyer engages in pattern of neglect causing injury or potential injury to client) and Standard 4.62 (suspension generally appropriate when lawyer knowingly deceives client and causes injury or potential injury to client). Aggravating factors are present here under Standard 9.22(c) because the neglect continued over a lengthy period of time and under Standard 9.22(e) because the respondent intentionally failed to cooperate with the grievance committee. The only mitigating factor which the grievance committee found present was the respondent's lack of a prior disciplinary record. *See* Standard 9.32(a). This is of little significance because the respondent's misconduct began approximately eighteen months after she was admitted to the Bar. Inexperience in the practice of law is a mitigating factor under Standard 9.32(f) but we likewise give little weight to this factor. No great legal experience is required for an attorney to know that she must work on a case she has accepted and that she owes a duty of candor and prompt response to her client and to the grievance committee.

The grievance committee has recommended that the respondent be suspended from the practice of law for a period of six months and that she be required to comply with C.R.C.P. 241.22(c) as a condition of reinstatement. We accept the recommendation. *See People v. Goens*, 770 P.2d 1218 (Colo.1989); *People v. Mayer*, 744 P.2d 509 (Colo.1987).

For these reasons, we suspend the respondent, J. Eline Garrett, for a period of six months effective thirty days from the date of this order. *See* C.R.C.P. 241.21(a). The respondent shall not be reinstated to the practice of law unless she petitions for reinstatement and meets the requirements of C.R.C.P. 241.22(c). The respondent is further directed to pay costs in the amount of $224.89 within thirty days to the Supreme Court Grievance Committee, 600 17th Street, Suite 500 S, Denver, Colorado 80202–5435.