**The PEOPLE of the State of Colorado, Complainant,**

**v.**

**Daniel GLAESS, Attorney–Respondent.**

**No. 94SA325.**

Supreme Court of Colorado, En Banc.

Nov. 29, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Daniel Glaess, pro se.

## PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the factual findings of a hearing board and the board's recommendation that the respondent[1] be suspended from the practice of law for ninety days, pay restitution, and be assessed costs. The parties have not excepted to the panel's findings and recommendation of discipline. After reviewing the report and the record, we accept the hearing panel's recommendation and order that the respondent be suspended for ninety days, pay restitution, and pay costs.

## I

The board heard testimony from the complainant's witnesses and from the respondent. Based on the testimony and the exhibits introduced into evidence, the board found that the following facts had been established by clear and convincing evidence.

On October 21, 1991, Aurora Police Department officers seized a 1990 automobile belonging to Antquin Parrish. On October 31, 1991, Parrish contacted the respondent regarding the seizure of his automobile. Respondent and Parrish were provided conflicting explanations as to why Parrish's automobile was seized. On one occasion Parrish was told that the auto was seized because it was involved in a hit and run accident. The respondent was advised by a detective with the Denver Police Department that the vehicle was seized because Parrish had failed to pay a motel bill. The respondent was also told by the same detective that the automobile would be released at no charge but that Parrish would have to pay storage fees in the amount of $600. The respondent discussed the matter with Parrish and, rather than pay the $600 storage costs, Parrish decided to retain respondent to secure the return of his auto and agreed to pay respondent a $300 flat fee.

Parrish retained respondent to secure the return of his automobile on December 31, 1991. However, while seeking the return of the automobile in mid February 1992, respondent was informed that the automobile was sold at auction. On February 16, 1992, the respondent wrote to Parrish and told him that his auto had been sold at auction. Parrish then asked respondent to file suit to recover the value of the auto and damages.

Respondent communicated with Parrish regarding his efforts to secure the automobile. During the course of his representation of Parrish, respondent told Parrish he had initiated court proceedings as requested and, on at least one occasion, informed Parrish of a court date in February in Arapahoe County. Parrish and his wife took a taxi to the courthouse, only to discover that no hearing was scheduled and that the respondent did not show up. When Parrish called him, the respondent advised Parrish that the court date had been changed. However, the respondent had not filed a complaint in the Parrish matter and no court date had been scheduled.

In fact, respondent never filed any legal action on behalf of Parrish either before or after the sale of the automobile, nor does it appear that the respondent prepared any pleadings. Although he initially concluded that a replevin action was appropriate, the respondent failed to initiate an action in replevin and did not file any complaint or

---

**1.** The respondent was admitted to the bar of this court on May 21, 1986, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

pleadings in any court or before any tribunal. Respondent also failed to properly research and identify the issues concerning the lawfulness of the seizure of the vehicle, the effect of governmental immunity, and the availability of constitutional or civil rights claims.

Yet, after February when he was retained by Parrish to initiate court proceedings, respondent informed Parrish, who had moved out of the state to Iowa, that court hearings on the seizure were scheduled. Twice, Parrish and his wife prepared to travel from Iowa to Denver to attend proceedings respondent had misrepresented as being set, but on each occasion the respondent wrote and told them that various legal issues had arisen which needed to be resolved and that, as a consequence, they need not come.

Eventually, in January 1993, Parrish discharged the respondent. Although Parrish might still have filed a constitutional or civil rights claim, the respondent did not advise Parrish of the existence of these possible remedies, and Parrish took no further action.

The respondent admitted, and the hearing board found, that he handled a legal matter without adequate preparation, contrary to DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances). The board also concluded that the respondent's failure to take any legal action over a period of more than a year violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

The board rejected the respondent's testimony that he never told Parrish or his wife that an action had been filed or that court dates had been scheduled, finding the testimony not credible. The board therefore found that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II

The hearing panel approved the board's recommendation that the respondent be suspended for ninety days, and pay restitution in the amount of $300, reflecting the amount that the respondent charged Parrish to handle the vehicle forfeiture case. The parties have not excepted to these recommendations.[2] Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42.

The board found the following factors in aggravation: the respondent's failure to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); the vulnerability of the victims, *id.* at 9.22(h); and the respondent's substantial experience in the practice of law, *id.* at 9.22(i).[3] In mitigation, the respondent has no prior history of discipline, *id.* at 9.32(a).

The respondent's repeated misrepresentations about the filing of the action and fictitious court dates distinguish this case from those in which a thirty-day suspension was appropriate. *See, e.g., People v. Masson,* 782 P.2d 335, 336 (Colo.1989) (suspension for thirty days warranted where attorney know-

---

**2.** The assistant disciplinary counsel initially raised an objection before the hearing panel that the board should have recommended that the respondent pay Parrish an additional $4,000, the reputed value of the vehicle seized. However, the board made no specific factual finding that the respondent's neglect or inaction caused Parrish to be unable to secure the return of his automobile. Because of the limited record before us, we are unable to determine whether respondent's conduct caused Parrish to lose or forfeit any rights by which he might obtain the return of his automobile.

**3.** The board determined that the respondent's contention that he never told Parrish or his wife that an action had actually been filed or that court dates had been scheduled was "not credible." Such a finding does not necessarily compel the conclusion that the respondent submitted false evidence at the hearing. *People v. Wechsler,* 854 P.2d 217, 222 (Colo.1993). If the board did find that the respondent submitted false evidence, it would, however, be an additional aggravating factor for our consideration, *see* ABA *Standards* 9.22(f).

ingly fails to perform services for client, or engages in a pattern of neglect, causing injury or potential injury to client). Accordingly, we accept the hearing panel's recommendation.

### III

It is hereby ordered that Daniel Glaess be suspended for ninety days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that, prior to reinstatement, Glaess pay restitution to Antquin Parrish in the amount of $300. It is further ordered that, as a condition of reinstatement, the respondent pay the costs of this proceeding in the amount of $1,851.08 within 60 days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.