The PEOPLE of the State of Colorado, Complainant,

v.

Eugen Alfonso ARCHULETA, Attorney–Respondent.

No. 95SA189.

Supreme Court of Colorado, En Banc.

June 30, 1995.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Asst. Disciplinary Counsel, Denver, for complainant.

Eugen Alfonso Archuleta, Colorado Springs, pro se.

PER CURIAM.

The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of mis-

conduct in this lawyer discipline proceeding. C.R.C.P. 241.18. The parties recommended that the respondent be suspended from the practice of law in a range of 30 days to six months for neglecting two separate legal matters entrusted to him. An inquiry panel of the Supreme Court Grievance Committee approved the conditional admission and recommended that the respondent be suspended for six months with certain conditions for restitution prior to reinstatement. We accept the conditional admission and the inquiry panel's recommendation.

## I.

The respondent was admitted to practice law in Colorado in 1978. The parties stipulated that in the fall of 1992, the respondent was hired by a husband and wife seeking protection from collection efforts. The respondent agreed to file a petition in bankruptcy on their behalf after receiving the filing fee and retainer in advance. The clients were unable to pay the requested amount until October 1993. The respondent did not file the bankruptcy petition for some time after receiving the money, however, and he did not respond to their telephone calls. When the respondent was notified that the couple had filed a request for investigation against him with the Office of Disciplinary Counsel, he finally filed the petition. The respondent was ill in November 1993, but he did not tell the clients that he was ill and unavailable, nor did he try to find them another lawyer.

As the respondent stipulated, the foregoing conduct violated R.P.C. 1.3 (neglect of a legal matter entrusted to the lawyer), and R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

In a second matter, the respondent agreed in February 1993 to represent Annemarie Olian in an action against her bank for unilaterally lowering her credit limit without prior notification. Olian paid the respondent $123 to research the issues. The respondent cashed her check, but did not deposit it in his trust account. Although Olian and the respondent agreed that he would recover a "share" of any amount he ultimately collected, no written contingency fee agreement was entered into, and the respondent did not tell Olian how expenses would be handled or advise her of alternative fee arrangements.

In May 1993, the respondent provided Olian's husband with a draft of a complaint for review. The draft was returned to the respondent with corrections. Nevertheless, the respondent did not file a complaint on his client's behalf against the bank or communicate further with the client, he has not refunded her $123, or taken any other action. The conditional admission does not state what disciplinary violations the respondent committed in the Olian matter, but the formal complaint charged the respondent with violations of R.P.C. 1.3 (neglect of a legal matter entrusted to the lawyer), R.P.C. 1.4(a) (failure to keep the client reasonably informed about the status of a matter), R.P.C. 1.5(c) (a contingent fee shall meet all of the requirements of Chapter 23.3 of the Colorado Rules of Civil Procedure, "Rules Governing Contingent Fees," Rule 4 of which requires that the contingent fee agreement be in writing and that the lawyer explain other types of fee arrangements); and R.P.C. 1.15(b) (a lawyer shall promptly deliver to the client any funds the client is entitled to receive and, upon request by the client, render a full accounting regarding such property).

## II.

The respondent has agreed to the imposition of a suspension ranging from 30 days to six months. The inquiry panel recommended that the respondent be suspended for six months, with reinstatement conditioned on the respondent's establishing that he has refunded Olian her $123. The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

The assistant disciplinary counsel states that in the Olian matter, "it does not appear that respondent's neglect caused her much injury other than delay and $123 she paid in fees." In addition, the husband client in the first matter has indicated that he has been satisfied with the respondent's representation after he and his wife filed the request for investigation. While this is not a mitigating factor, *see id.* at 9.4(c), (f), it signifies that the respondent's clients have not been seriously harmed by his misconduct.

In aggravation, the respondent has a history of discipline. *Id.* at 9.22(a). He received a letter of admonition in 1980, and the court accepted his offer to surrender his license to practice law for about ten months in November 1981 because of his neglect of a number of client matters. *People v. Archuleta,* 638 P.2d 255, 256 (Colo.1981). While the prior discipline was imposed fourteen years ago, the respondent was not reinstated until 1987. *People v. Archuleta,* No. 81SA474 (Colo. June 25, 1987) (order of reinstatement).

The assistant disciplinary counsel indicates that the most significant mitigating factor is the respondent's illness beginning in November 1993. *Id.* at 9.32(h). Considering the seriousness of the misconduct together with the previous discipline and the nature of the respondent's illness, we conclude that suspension for six months is more appropriate than for a shorter period. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

### III.

It is hereby ordered that Eugen Alfonso Archuleta be suspended from the practice of law for six months, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, as a condition of, and prior to, reinstatement, Archuleta demonstrate that he has refunded $123 to Annemarie Olian. It is further ordered that Archuleta pay the costs of this proceeding in the amount of $51.57 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.