The PEOPLE of the State of Colorado, Complainant,

v.

David M. FRIED, Attorney–Respondent.

No. 95SA193.

Supreme Court of Colorado, En Banc.

June 30, 1995.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Asst. Disciplinary Counsel, Denver, for complainant.

Charles G. Michaels, Denver, for attorney-respondent.

PER CURIAM.

An inquiry panel of the Supreme Court Grievance Committee approved the stipula-

tion, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel, C.R.C.P. 241.18, and recommended that the respondent be suspended for thirty days from the practice of law. We accept the conditional admission and the inquiry panel's recommendation.

## I.

The respondent was admitted to practice law in Colorado in 1990. Count I of the conditional admission recounts that the respondent was hired in June 1992 to represent a person who was a partner in a venture to refurbish, restore and resell Corvette automobiles in a dispute with the other partner. The respondent's client wanted the respondent to recover a 1987 Corvette from the other partner quickly because he discovered that his partner was not restoring the vehicle, but was stripping it instead. The respondent filed a complaint on behalf of the client requesting damages, but not seeking to recover the vehicle itself by an action in replevin.

Three months after he was retained, the respondent did file a separate replevin action. In late November 1992, the Corvette and its parts were returned to the client by agreement of the parties, although by that time the vehicle had been stripped and its value together with its parts was about $4000, which was $2,000 less than the client had originally paid for the car.

The respondent failed to prepare either a disclosure certificate or any discovery in the damages action, which was consolidated with the replevin action, so the client discharged the respondent and hired another lawyer. The second lawyer obtained a judgment against the client's partner, but has been unable to recover on it. The respondent then filed an attorney's lien in the approximate amount of $6,300 against the $6,977 judgment. The trial court ruled that the time the respondent spent on the case was disproportionate to its complexity and the amount in controversy. The respondent was found to be entitled to only $3,500, which his former client had already paid him.

The respondent admits that the foregoing conduct violated DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances), and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

Count II of the conditional admission states that in March 1993, about eleven years after her divorce, a client consulted the respondent to attempt to obtain a part of her ex-husband's pension plan benefits. After the respondent told her the claim would be worth pursuing, she sent him a copy of her dissolution of marriage decree. In his motion to modify the decree of dissolution and permanent orders, the respondent stated that in issuing the original decree, the court did not rule on the division of the husband's pension. The respondent did not conduct any factual or legal research, nor did he look at the court file, prior to filing the motion. The permanent orders stated that all property not specifically provided for would be retained by the party in whose name it was titled at the time.

The ex-husband's lawyer contacted the respondent and told him that his motion had no legal basis and that if he did not withdraw it, she would seek attorney fees from the respondent's client. The respondent told his client in March 1994 that she had waived any right she might have had to her ex-husband's pension. He did not tell her that a hearing on the motion to modify had been scheduled for May 27, 1994. When the respondent appeared at the hearing without his client, the court denied the motion to modify and awarded $1,600 in attorney fees to the ex-husband and against the respondent's client on the basis that the motion was substantially frivolous and groundless and lacked substantial justification. The respondent notified his client that she had been ordered to pay attorney fees and that he would soon withdraw from the case. The client sued the respondent in small claims court for the fees, and was awarded $2,418.18, which amount the respondent paid her in December 1994.

The respondent has stipulated that his conduct violated R.P.C. 1.3 (a lawyer shall act with reasonable diligence and promptness in

representing a client, and shall not neglect a legal matter entrusted to that lawyer); and R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

## II.

The inquiry panel approved the conditional admission and recommended that the respondent be suspended for thirty days. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992), and in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. We have found at least a short period of suspension appropriate in cases of neglect where the potential for harm was present. *See, e.g., People v. Archuleta,* 898 P.2d 1064, 1065–1066 (Colo.1995) (suspension for six months warranted for neglect of two legal matters and the presence of prior discipline); *People v. Fritsche,* 849 P.2d 31, 32 (Colo. 1993) (neglect of civil rights action, failure to provide appropriate accountings, and failure to return unearned fees warrants thirty-day suspension).

The respondent has already received two letters of admonition, one of which was also for neglect. *Id.* at 9.22(a) (prior discipline is an aggravating factor). The conditional admission also noted multiple offenses, *id.* at 9.22(d), and vulnerability of the victim, *id.* at 9.22(h), as additional aggravating factors. In mitigation, the assistant disciplinary counsel indicates that the respondent has cooperated in these proceedings, *id.* at 9.32(e); and was inexperienced in the practice of law at the time of the misconduct, *id.* at 9.32(f).

The prior discipline in this case is not as serious as in *Archuleta. See Archuleta,* 898 P.2d at 1066. Given the respondent's inexperience and his cooperation in this proceeding, we have decided to accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

## III.

It is hereby ordered that David M. Fried be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that the respondent pay the costs of this proceeding in the amount of $98.78 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.