In the Matter of Timothy Scott GIBSON, Attorney-Respondent.

No. 99SA51.

Supreme Court of Colorado, En Banc.

Dec. 13, 1999.

John S. Gleason, Attorney Regulation Counsel, Debora D. Jones, Assistant Regulation Counsel, Denver, Colorado, Attorneys for Complainant.

Thomas F. Tauskey, Denver, Colorado, Attorney for Attorney-Respondent.

PER CURIAM.

Timothy Scott Gibson, the respondent in this attorney regulation case, neglected a client's case and then misrepresented the status of the case for four years to cover up his neglect. A hearing panel of the supreme court grievance committee approved the findings and the recommendation of the hearing board that Gibson be suspended from the practice of law for thirty days. The complainant asserts that Gibson's misconduct warrants a suspension for three to six months. We find that the factors in mitigation make a short period of suspension appropriate, and we order that Gibson be suspended for thirty days.

I.

Timothy Scott Gibson was first licensed to practice law in Colorado in 1983. The board heard testimony from Gibson and from his client, and it accepted the parties' unconditional stipulation of facts. Based on the stipulation and the evidence presented, the hearing board found that the following had been proved by clear and convincing evidence.

In April 1990, Gibson's client was injured in a fight in a club in Westminster, Colorado. The fight involved two of the club's bouncers and three patrons, including the client, whose nose was broken and ribs were bruised. The client's health insurer paid his medical expenses. The police cited the client for disorderly conduct. Because Gibson and the client were friends, Gibson assisted him in pleading guilty to the criminal charges. The client received a deferred judgment and sentence. Pursuant to the deferred judgment, the criminal charges were subsequently dismissed.

Shortly after the fight, Gibson agreed to represent the client in a civil action against the club and the corporation that owned it. In April 1992, just before the two-year stat-

ute of limitations was to run, Gibson filed a complaint against the club and its owner, containing claims of negligent hiring, retention, and employment; as well as negligent supervision. Gibson never served the complaint on the club or its owner, and took no action in the case other than filing the complaint. In May 1993, the clerk of the court sent Gibson a notice informing him that the case would be dismissed unless he showed a good reason why it should not be. The action was dismissed without prejudice in November 1993. The club stopped doing business in 1993 and its corporate owner is now defunct.

After Gibson filed the complaint, his client called him from time to time to discuss the case. Sometimes Gibson told the client that he was negotiating with an insurance company. Other times he indicated that any award or settlement would not be as high as the client hoped. The former statements were completely false; the latter, although literally true, were intended to deceive the client into thinking that Gibson was working on the case. Gibson did not provide his client with a copy of the complaint or any other document.

Gibson's client needed money and he asked Gibson for an advance on the settlement of his case. On May 14, 1993, Gibson paid the client the first of such advances, in the amount of $750. Gibson prepared a "settlement statement" at his client's request in September 1993. This fictitious statement provided that funds totaling $1925 had been received; $1260 was disbursed to the client; and the balance paid additional costs and fees. Over the next three years, until May 1996, Gibson made seventeen payments to his client, totaling $4,320.50. Gibson also paid $180 in court filing fees that the client did not reimburse.

Gibson later told his client that he had obtained a structured settlement against the corporate owner and that the last ten payments were being administered through the bankruptcy court. These representations were false. The client discovered that Gib-

son had deceived him when he contacted a second lawyer in January 1997 to assist him in contacting Gibson.

The hearing board found that Gibson had violated Colo. RPC 1.3 and DR 6–101(A)(3) [1] (neglecting a legal matter); Colo. RPC 1.4(a) (failing to advise a client about the status of a case and not complying with reasonable requests for information); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, deceit, fraud, or misrepresentation). When Gibson advanced funds to his client, he violated Colo. RPC 1.8(e).

## II.

 The hearing board initially recommended that Gibson be suspended for sixty days. On review, the hearing panel remanded the case to the board to reconsider the recommendation in light of *People v. Kram*, 966 P.2d 1065 (Colo.1998), a case decided after the hearing board issued its first report. Upon reconsideration, the board adhered to the recommendation of a suspension, but reduced the length to thirty days. The complainant has filed exceptions to the recommendation, arguing that a suspension for three to six months is appropriate.

 In determining that the presumed level of discipline was a suspension, the board relied on the ABA *Standards for Imposing Lawyer Sanctions* 4.42 and 4.62 (1991 & Supp.1992) (ABA *Standards*). "Suspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42. And, "[s]uspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to a client." *Id.* at 4.62.

We imposed a public censure with conditions on the attorney-respondent in *Kram*, 966 P.2d at 1068. Kram had allowed his client's case to be dismissed because he failed to file a response to a motion for summary

---

1. Gibson's neglect began before January 1, 1993, the effective date of the Rules of Professional

Conduct.

judgment and then he initially misrepresented the status of the case to the client. *See id.* at 1066. We noted, as the hearing board did in this case, that a suspension was the presumed sanction. *See id.* at 1067. Given the substantial factors in mitigation, however — this was the first time in twenty-one years of practice that Kram had been disciplined and at the time of the misconduct Kram was suffering significant personal and emotional problems — we concluded that a public censure plus conditions was an adequate sanction. *See id.* at 1068. The gravamen of the misconduct in this case is the extended and involved course of deception that Gibson practiced on his client. Because this aspect of the case is more aggravated than it was in *Kram,* we agree with the hearing board that at least a short period of suspension is warranted. The mitigating factors that are present, however, together with the unusual aspects of this case, counsel a short rather than a long suspension.

The hearing board found the existence of the following mitigating factors: Gibson has no prior discipline in sixteen years of practice, *see* ABA *Standards* 9.32(a); he did not have a selfish motive, *see id.* at 9.32(b); he was experiencing personal and emotional problems at the time of the misconduct, *see id.* at 9.32(c), although not to the same extent as the lawyer in *Kram;* he made a full and free disclosure of his misconduct to the Office of Disciplinary Counsel, *see id.* at 9.32(e); there was evidence of good character, *see id.* at 9.32(g); and he was remorseful for his conduct, *see id.* at 9.32(*l* ). Aggravating factors include Gibson's dishonest motive in concealing his neglect, *see id.* at 9.22(b); the presence of multiple offenses, *see id.* at 9.22(d); and Gibson's substantial experience in the practice of law.

Two unusual aspects of the case persuade us that a short suspension is adequate. First, the parties stipulated that Gibson's client suffered no actual injury as a result of the misconduct; in fact, the client likely received more from Gibson than he would have from a judgment against the defendants in the personal injury case. Second, during the same period of time as the misconduct, Gibson represented the client in five additional and separate legal matters. Except for a bankruptcy case, Gibson received no payment for his services in these matters. The board found that Gibson's representation in these other cases was competent and adequate.

Finally, the cases that the complainant cites in support of a six-month suspension are distinguishable. The respondent in *People v. Gaimara,* 810 P.2d 1076 (Colo.1991), neglected a client's case and fabricated a settlement to conceal his misconduct, just as in this case. *See id.* at 1078–79. However, Gaimara enlarged his deception during the investigation of his case by continually misrepresenting to the disciplinary investigator that he had settled the case when he had not. *See id.* The lawyer in *People v. Garrett,* 802 P.2d 1082 (Colo.1990), another six-month suspension case, also tried to deceive the disciplinary investigator as well as her client about a case that she had performed no work on. *See id.* at 1082–83. Gibson, on the other hand, has cooperated in the investigation and prosecution of his discipline proceeding. Such cooperation gives us more confidence in his ability to be rehabilitated by a short suspension. In addition, the mitigating factors in this case distinguish it from *People v. Glaess,* 884 P.2d 722, 724–25 (Colo.1994), which involved a ninety-day suspension plus a requirement of restitution. We therefore accept the panel's and the board's recommendations. However, at least one member of the court would impose a greater period of suspension.

### III.

Accordingly, Timothy Scott Gibson is hereby suspended for a period of thirty days, effective thirty-one days after the date of this opinion. Gibson is also ordered to pay the costs of this proceeding in the amount of $369.53, within thirty days after this opinion is announced, to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432.