The PEOPLE of the State of Colorado, Complainant,

v.

Pamela Michelle ESPINOZA, Respondent.

No. 99PDJ085.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Jan. 18, 2001.

complainant grieved him instead of Respondent.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, DANIEL A. VIGIL and MICKEY W. SMITH, both members of the bar.

## OPINION AND ORDER IMPOSING SANCTIONS

*SANCTION IMPOSED:* **ATTORNEY SUSPENDED FOR SIX (6) MONTHS WITH FORMAL REINSTATEMENT PROCEEDINGS REQUIRED**

A trial was held on April 25, 2000, before the Presiding Disciplinary Judge ("PDJ")

and two hearing board members, Daniel A. Vigil and Mickey W. Smith both members of the Bar. James C. Coyle, Assistant Attorney Regulation Counsel represented the People of the State of Colorado (the "People"). Pamela Espinoza ("Espinoza"), the respondent, did not appear either in person or by counsel.

The People's exhibits 1 through 8 were offered and admitted into evidence. The PDJ and Hearing Board considered the People's argument of counsel, the facts established by the admissions of the respondent deemed admitted,[1] the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence:

## I. FINDINGS OF FACT

Pamela Michelle Espinoza has taken and subscribed the oath of admission, was admitted to the bar of this court on May 15, 1997, and is registered upon the official records of the court as attorney registration number 28034. She is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

Cathy Bowman ("Bowman") hired Espinoza in March 1998 to represent her in connection with a small claims matter which had been filed in county court. Joe Borrego ("Borrego") had filed an action against Bowman in small claims court regarding a dispute over remodeling work. The appearance and answer date for the small claims matter was April 14, 1998. Bowman and Espinoza agreed that the small claims matter would be removed to district court and a counterclaim would be asserted on Bowman's behalf. Espinoza informed Bowman that she need not appear on the April 14 return date.

On April 4, 1998, Robert Menapace, a friend of Bowman's, delivered a $1,500 cashier's check to Espinoza allowing her to proceed with the removal of the small claims action and the assertion of the counterclaim.

On April 13, 1998, Espinoza faxed an answer, counterclaim and motion for transfer to the district court clerk. Although aware that the faxed pleadings would not be accepted until a docket fee was paid, Espinoza did not pay the necessary docket fee, nor did she appear in court on April 14, 1998. The court clerk retained possession of the Answer filed by Espinoza a day or two pending receipt of the required docket fee. When no docket fee was received, the court entered default judgment against Bowman.

The two-page pleading prepared by Espinoza as an Answer/Counterclaim/Motion to Transfer (exhibit 1) and Espinoza's billing statement to Bowman reflect that Espinoza expended 7.83 hours of time (at $75 per hour) from the initial interview through the submission of the pleading to the court. All remaining charges on the billing statement relate to time expended by Espinoza in connection with unsuccessful efforts to set aside the entry of default and communication with others regarding the garnishment of Bowman's wages. Espinoza earned no more than $587.50 of the original $1,500 retainer although she maintained in her deposition (exhibit 8) that she thought she had earned all of the retainer.

Espinoza failed to notify Bowman that judgment had been entered against her. Thereafter, Bowman's employer received a writ of garnishment for the judgment and Bowman became aware that judgment had entered. Espinoza advised Bowman that the court had made a mistake, that Espinoza would take care of the problem and that Bowman should not worry. Espinoza did not tell Bowman that her failure to pay a docket fee caused the entry of default judgment. Notwithstanding Espinoza's assurances, deductions were made on a regular basis from Bowman's paycheck until the total judgment in the amount of $1,293.00 was paid.

On July 7, 1998, Larry D. Lee, an attorney selected by Bowman to replace Espinoza, requested that Espinoza forward to his office the file and all materials provided to her by Bowman. Lee also requested that Espinoza return the $1,500 retainer. Espinoza agreed to forward all documentation to Lee, but refused to refund the retainer. Espinoza

---

1. The People served Requests for Admission on Espinoza on February 24, 2000. Espinoza did not respond. Pursuant to a motion filed by the People and granted by the PDJ, the facts requested to be admitted were deemed admitted in this proceeding. C.R.C.P. 36.

informed Lee that she believed she had earned the $1,500.

Almost a month later, on August 18, 1998, Lee again wrote to Espinoza, again requesting return of the file and the $1,500 retainer. On August 26, 1998, Espinoza responded stating, "I am in the process of copying Bowman's file and will send it to you as soon as it is ready." Espinoza did not thereafter return the file or refund any portion of the Bowman retainer.

The Complaint in this matter was originally filed July 16, 1999. On October 15, 1999, as a result of discussions between the Office of Attorney Regulation Counsel and Espinoza, the parties entered into a Diversion Agreement pursuant to C.R.C.P. 251.13 resolving the issues advanced in the Complaint. On December 13, 1999, however, the People filed a motion to terminate the Diversion Agreement based upon Espinoza's failure to comply with a term of that agreement –the refund of $1,000 to Bowman. Espinoza did not respond to the People's motion. On February 9, 2000, the PDJ granted the motion to terminate the Diversion Agreement and placed the matter on the court's active docket. Thereafter, Espinoza neither appeared at the pre-trial conference nor at the trial of this matter.

## II. CONCLUSIONS OF LAW

The People's Complaint charged Espinoza with violations of The Colorado Rules of Professional Conduct ("Colo.RPC") 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer); Colo. RPC 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Colo. RPC 1.4(b)(a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), and Colo. RPC 1.16(d)(upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and prop-

erty to which the client is entitled and refunding any advance payment of fee that has not been earned).

 The facts presented clearly establish each of the violations charged. Espinoza agreed to represent Bowman in connection with a contested matter in court. She accepted a retainer to secure her attorney fees and court costs, prepared a responsive pleading, forwarded it to the court for filing but knowingly failed to pay the required filing fee on behalf of her client although she had client funds to do so. Thereafter, Espinoza failed to correct her failure to pay the required fee, failed to keep her client informed of developments in the case, did not attempt to set aside the default judgment, and misinformed her client that the entry of the default resulted from a mistake by the court. Such misconduct constitutes neglect and is a violation of Colo. RPC 1.3. Moreover, Espinoza's failure to keep her client accurately informed of events as they transpired or to explain the events to Bowman so as to allow Bowman to make informed decisions regarding the case constituted a violation of the provisions of Colo. RPC 1.4(a) and Colo. RPC 1.4(b).

 Once the client discovered Espinoza's deception, terminated the attorney/client relationship and secured replacement counsel, Espinoza failed to deliver the Bowman file to replacement counsel and refused to refund any portion of the retainer. By so doing, Espinoza also violated Colo. RPC 1.16(d).

 In addition, following the entry of default judgment against her client, Espinoza concealed from her client the fact that her failure to pay the required docket fee caused the entry of default judgment and affirmatively misrepresented to the client that the entry of default was attributable to a court mistake. Both of these actions reflect conduct involving misrepresentation and dishonest acts and violated Colo. RPC 8.4(c).[2]

## III. SANCTIONS/IMPOSITION OF DISCIPLINE

 The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA

2. The People did not allege or contend that Espinoza abandoned her client.

*Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standard* 4.42 provides:

Suspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client

ABA *Standard* 4.62 provides:

Suspension is generally appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client.

Espinoza's misconduct meets the requirements of both ABA *Standards* 4.42 and 4.62. Her neglect of Bowman's case resulted in Bowman's being deprived of her day in court, the entry of a default judgment against Bowman and garnishment of Bowman's wages. Espinoza's misleading statements to Bowman delayed the entry of successor counsel into her case and concealed Espinoza's misconduct from the client.

Colorado case law also suggests that a period of suspension is an appropriate sanction for the misconduct presented in this case. *See People v. Williams,* 824 P.2d 813, 815 (Colo.1992)(attorney suspended for six months with requirement of reinstatement proceeding for continued and chronic neglect of three legal matters and for failing to comply with order compelling discovery in disciplinary proceeding in view of aggravating factors including refusal to acknowledge wrongful nature of conduct); *People v. Gaimara,* 810 P.2d 1076, 1080 (Colo.1991)(suspending the attorney for six months for neglect of a client's matter and distinguishing other cases warranting a lesser period of suspension for simple neglect of client matters by finding that the attorney engaged in intentional misconduct and deception); *People v. Goens,* 770 P.2d 1218, 1219 (Colo.1989)(attorney suspended for six months with a requirement of reinstatement proceedings for continuing pattern of neglect of two client matters involving vulnerable clients); *People v. Mayer,* 744 P.2d 509, 510 (Colo.1987)(attorney suspended for six months with a requirement of reinstatement proceeding for neglecting a legal matter,

charging an excessive fee, failing to promptly deliver the client's file and failing to refund a fee to the client).

The PDJ and Hearing Board considered factors in aggravation pursuant to ABA *Standards* 9.2 and factors in mitigation pursuant to ABA *Standard* 9.3. In mitigation, Espinoza has had no prior discipline, *id.* 9.32(a), and she is inexperienced in the practice of law in that she had been licensed as an attorney for approximately one year at the time of her misconduct set forth above, *id.* at 9.32(f). However, her lack of prior discipline and inexperience in the practice of law are not of sufficient magnitude, especially in light of her nonparticipation in this proceeding, to warrant reducing the indicated sanction of suspension. Moreover, Espinoza's failure to attend the trial in this matter or otherwise meaningfully participate in these formal proceedings raises serious questions regarding her fitness to practice law.

In aggravation, Espinoza's deposition reveals that she failed to recognize the wrongful nature of her conduct and has not exhibited any genuine remorse for the injury she imposed upon her client, *id.* at 9.22(g), she engaged in bad faith obstruction of the disciplinary proceeding by failing to comply with the orders of the disciplinary agency, *id.* at 9.22(e), and she demonstrated indifference to making restitution, *id.* at 9.22(j).

### IV. ORDER

It is therefore ORDERED:

1. PAMELA MICHELLE ESPINOZA, registration number 28034 is SUSPENDED from the practice of law for a period of six months effective thirty-one days from the date of this Order. Respondent is required to comply with the provisions of C.R.C.P. 251.29(c) and (d) and undergo a formal reinstatement proceeding in order to be reinstated to the practice of law.

2. PAMELA MICHELLE ESPINOZA is ORDERED to pay the costs of these proceedings.

3. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have

five (5) days thereafter to submit a response thereto.