**The PEOPLE of the State of Colorado, Complainant,**

v.

**Michael S. KOCEL, Respondent.**

**No. 02PDJ035.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Jan. 8, 2003.

Opinion by a Hearing Board consisting of the Presiding Disciplinary Judge, ROGER L. KEITHLEY, and Hearing Board Members GAIL C. HARRISS and WILLIAM J. MARTINEZ, both members of the Bar.

REPORT, DECISION AND IMPOSITION OF SANCTION

**SANCTION IMPOSED: ATTORNEY SUSPENDED FOR SIX MONTHS**

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on Nov. 7, 2002, before a Hearing Board consisting of the Presiding Disciplinary Judge ("PDJ") and two Hearing Board members, Gail C. Harriss and William J. Martinez, both members of the bar. James S. Sudler, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People"). Michael S. Kocel, the respondent, did not appear either in person or by counsel.

1. Even though the Citation and Complaint were ultimately returned to Kocel, proper service was

The People filed a Complaint in this matter on May 15, 2002. The Citation and Complaint were sent via regular and certified mail to the respondent on the same date. The Proof of Service filed June 18, 2002 indicated that the Citation and Complaint which were sent to Kocel's registered business address was returned unclaimed.[1] Respondent failed to file an Answer or otherwise respond to the Complaint.

On July 15, 2002, the People moved for default on the claims set forth in the Complaint, and on August 16, 2002, the PDJ granted the motion as to both the facts and claims set forth therein.

At the sanctions hearing, exhibits 1, 2 and 3 were offered by the People and admitted into evidence. The Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence.

### I. FINDINGS OF FACT

Michael Kocel has taken and subscribed to the oath of admission, was admitted to the bar of the Supreme Court on November 17, 1986 and is registered upon the official records of this court under attorney registration number 16305. Kocel is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaint were deemed admitted by the entry of default, and are therefore established by clear and convincing evidence. *See* Complaint attached hereto as exhibit "1." The entry of default also established the alleged violations of the Rules of Professional Conduct set forth therein.

### II. CONCLUSIONS OF LAW AND IMPOSITION OF SANCTION

■ The Complaint in the within matter alleges that Kocel violated the following Colorado Rules of Professional Conduct: claim one, Colo. RPC 1.8(e)(an attorney shall not

effected pursuant to C.R.C.P. 251.32(b).

advance or guarantee financial assistance to the attorney's client); claim two, Colo. RPC 1.5(c)(a contingent fee shall meet all of the requirements of Chapter 23.3 of the Colorado Rules of Civil Procedure); claim three, Colo. RPC 1.3(an attorney shall act with reasonable diligence and promptness in representing a client); claim four, Colo. RPC 1.4(a)(an attorney shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); claim five, Colo. RPC 1.16(d)(an attorney shall upon termination of representation take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled).

In one matter, a client hired Kocel in April 1998 to represent him regarding a workers' compensation matter. Although Kocel agreed to represent the client on a contingent fee basis, he did not reduce the agreement to writing as required by Colo. RPC 1.5(c). Additionally, Kocel provided funds to the client as an advance on the potential settlement in violation of Colo. RPC 1.8(e).

In a second matter, a client hired Kocel in 1998 to represent her in a workers' compensation case in order to secure additional workers' compensation benefits. Kocel failed to appear at three hearings scheduled to consider a modification of the client's disability rating. Kocel failed to inform the client about the status of her matter and did not promptly comply with her requests for information. When the client requested her file, Kocel failed to provide it to her. The client's case was dismissed due to Kocel's failure to prosecute. As a result, the client was unable to pursue her claim for additional benefits.

Kocel entered into an attorney/client relationship with two separate clients. In the first matter, he failed to reduce a contingency fee agreement to writing in violation of Colo. RPC 1.5(c), and he provided financial assistance to the client as an advance on the settlement in violation of Colo. RPC 1.8(e). In the second matter, Kocel neglected the client's case by failing to appear at scheduled hearings and generally failed to adequately pursue the client's claim in violation of Colo. RPC 1.3. In addition, he failed to adequately communicate with the client in violation of Colo. RPC 1.4(a). Kocel failed to return to the client's file when requested in violation of Colo. RPC 1.16(d).

## III. IMPOSITION OF SANCTION

■ Colorado law provides that a period of suspension is warranted for neglecting a client's matter coupled with a failure to communicate and failure to take steps to protect the client's interests upon termination. *See People v. Archuleta,* 898 P.2d 1064 (Colo.1995)(attorney stipulating to six month suspension for delay in filing bankruptcy petition on behalf of one client and failing to file civil complaint on behalf of another client or return that client's retainer fee); *People v. Williams,* 824 P.2d 813 (Colo.1992)(attorney suspended for a period of six months for neglect of three separate legal matters); *People v. Barber,* 799 P.2d 936 (Colo.1990)(attorney's handling legal matter without adequate preparation, neglect of a legal matter, and failing to seek lawful objectives of client warranted six months' suspension); *People v. Espinoza,* 35 P.3d 547 (Colo.O.P.D.J.2001)(attorney's neglect of client matter, concealing fact that neglect resulted in entry of default judgment against client, failure to deliver client file to replacement counsel, and refusal to refund retainer warranted six-months' suspension from the practice of law).

The Supreme Court has previously publicly censured an attorney for failing to comply with the rules governing contingent fees, *see In re Wimmershoff,* 3 P.3d 417, 420 (Colo.2000)(attorney publicly censured for, charging an unreasonable fee and failing to adequately convey the basis and rate of his fee to the client in violation of Colo. RPC 1.5(b)) and has suspended an attorney for thirty days for advancing funds to the client. *In Re Gibson,* 991 P.2d 277, 278 (Colo.1999)(attorney suspended for thirty days for, among other rule violations, advancing funds to his client in violation of Colo. RPC 1.8(e)).

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992)("ABA *Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct, and are consistent with Colorado

law in recommending a period of suspension for neglect of a client matter. ABA Standard 4.42(a) provides that suspension is generally appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client."

In one of the two client matters, Kocel's misconduct resulted in serious injury to the client. The client's case was dismissed due to Kocel's failure to prosecute and the client was thereafter unable to pursue her claim for additional benefits.

Pursuant to ABA *Standards* 9.22 and 9.32 respectively, aggravating and mitigating factors are considered in arriving at the appropriate sanction. Because Kocel did not participate in these proceedings, no mitigating factors were established.[2] Several aggravating factors were presented pursuant to ABA *Standard* 9.22: Kocel demonstrated a pattern of misconduct, *see id.* at 9.22(c); he engaged in multiple offenses, *see id,* at 9.22(d), and Kocel had substantial experience in the practice of law having been licensed in Colorado since 1986, *see id.* at 9.22(i).

### *IV. ORDER*

It is therefore ORDERED:

1. MICHAEL S. KOCEL, attorney registration number 16305, is SUSPENDED from the practice of law for a period of six months effective thirty-one (31) days from the date of this Order.

2. In the event Kocel wishes to resume the practice law in the State of Colorado, he must undergo formal reinstatement proceedings pursuant to C. R.C.P. 251.29(c) and (d).

3. Kocel is ordered to return the file to Rhonda Sellers within ninety (90) days of the date of this Order.[3]

4. Kocel is Ordered to pay the costs of these proceedings. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

2. The People admitted that Kocel has no prior discipline.

### EXHIBIT 1

### COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on November 17, 1986, and is registered upon the official records of this court, registration No. 16305. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is P.O. Box 60400, Colorado Springs, CO 80960.

### *GENERAL ALLEGATIONS IN FOSTER MATTER*

2. Ralph Foster was injured on the job as a cook for Russell Stover Candy Co. ("Russell Stover")

3. He hired the respondent in April, 1998 to represent him in the workers' compensation case.

4. The attorney-client relationship was formed at that time between the respondent and Mr. Foster.

5. Mr. Foster agreed with the respondent that the representation would be on a contingent fee basis. The initial contact between the respondent and Mr. Foster was done over the telephone.

6. Thereafter, the respondent failed to prepare and execute a written contingent fee agreement with his client.

7. A proposed settlement for $5,000 was offered to Mr. Foster on behalf of Russell Stover that Mr. Foster did not want to accept.

8. Mr. Foster had told the respondent earlier that he would not settle for anything less than $50,000.00 from Russell Stover.

9. Mr. Foster eventually agreed to settle for about $4,500. Mr. Foster signed the settlement agreement with Russell Stover on March 31, 2000.

3. See C.R.C.P. 251.29(b).

10. The actual settlement was for $2,500 and payment of medical expenses of about $2,000.

11. Mr. Foster was forced to settle for less than he wanted because the respondent told him that he was unable to reserve a room in Grand Junction for a hearing in the case.

12. Respondent resides in Colorado Springs.

13. At some time before the settlement was completed, the respondent gave Mr. Foster $1,000.00 as an advance on the potential settlement. This payment was made by the respondent before December 25, 1999.

14. The respondent later apologized to Mr. Foster and his wife for not getting them the settlement that they wanted. He stated that they did not have to pay him back the $1,000.00, because the respondent did not feel that he had obtained what he should have from Russell Stover on their behalf.

### CLAIM ONE

The factual allegations in paragraphs 1–14 are incorporated herein.

15. The respondent made an advance of money and financial assistance to his client, Mr. Foster in violation of Colo. RPC 1.8(e).

16. When he paid $1,000 to Mr. Foster the respondent was not advancing any expenses of litigation which would have been appropriate pursuant to Colo. RPC 1.8(e).

WHEREFORE, the complainant prays at the conclusion hereof,

### CLAIM TWO

The factual allegations in paragraphs 1–14 are incorporated herein.

17. The respondent did not have a written contingent fee agreement with his client as required by Chapter 23.3 of the Colorado Rules of Civil Procedure in violation of Colo. RPC 1.5(c).

WHEREFORE, the complainant prays at the conclusion hereof,

### SELDERS MATTER GENERAL ALLEGATIONS

18. Rhonda Selders, who hired the respondent in 1998 to represent her in a workers' compensation case, had injured her back while working for Larchwood Inns of Grand Junction.

19. The attorney-client relationship between Ms. Selders and the respondent commenced in 1998.

20. When she hired the respondent, Ms. Selders had earlier reached a settlement with the opposing party for $10,000.00 for what is believed to be partial temporary disability.

21. $7,500.00 of the $10,000 had already been paid to Ms. Selders. The remaining amount had been used to pay medical bills.

22. After the settlement was concluded, Ms. Selders continued to need medical treatment. After a year her doctor refused to give her any more medicine.

23. She hired the respondent approximately two months after the settlement in order to obtain more workers' compensation benefits.

24. The respondent made one doctor's appointment for Ms. Selders with a doctor in Denver and that was essentially the extent of his work for her.

25. The doctor in Denver opined that Ms. Selders' level of disability was greater than previously rated.

26. The respondent missed at least three hearings in Ms. Selders' case and did not communicate to Ms. Selders as to why he missed them.

27. When Ms. Selders arrived at the hearings she learned that the respondent would not be appearing. The hearings concerned the doctor's change in her disability rating.

28. Ms. Selders called the respondent for a year "on and off" after she hired him. On the few occasions that she would talk to him, the respondent made excuses for not contacting Ms. Selders sooner and continually "put her off."

29. During the attorney-client relationship with Ms. Selders, the respondent did not

inform Ms. Selders about the status of her matter and he did not promptly comply with her requests for information about her matter.

30. On December 27, 2000, Ms. Selders requested her file from the respondent. She intended to fire him at that time and believed that she had conveyed that desire to him; however it is not clear that she did so then.

31. In early-February 2001, Ms. Selders called the Office of Attorney Regulation Counsel and stated that she was having a difficult time obtaining her file after she believed that she had terminated the respondent.

32. Respondent was contacted by Intake Counsel on or about February 12, 2001, who told him that Ms. Selders wanted to and did terminate him. He was also informed that she requested her file. The respondent then wrote to Ms. Selders on February 19, 2001 effectively acknowledging that he was terminated and stating that he would withdraw from her case.

33. On May 16, 2001, the respondent wrote to Ms. Selders; however, that letter was returned to him because he did not have the correct town on the envelope (he wrote Grand Junction instead of Fruita.)

34. Also on May 16, 2001, the respondent filed a pleading in Ms. Selders workers' compensation case responding to a motion to show cause why the case should not be dismissed. In that response he stated that the lack of prosecution in the matter was his fault and not that of Ms. Selders. The respondent did file a motion to withdraw and a notice of withdrawal.

35. The respondent has still not returned the file to Ms. Selders.

36. Ms. Selders' case was dismissed because it was not prosecuted by the respondent. She was not able to go forward on her claim for additional benefits.

37. The respondent has admitted that he failed to prosecute Ms. Selders' case.

38. Ms. Selders did not pay the respondent any money.

### CLAIM THREE

The factual allegations in Paragraphs 18–38 inclusive are incorporated herein.

39. The respondent failed to act with reasonable diligence and promptness on behalf of Ms. Selders in her workers' compensation case.

40. The respondent should have prosecuted Ms. Solder's case by asking for a review of or a change in her disability rating and he should have prosecuted the matter diligently. The respondent neglected the workers' compensation matter entrusted to him by Ms. Selders. His conduct violated Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM FOUR

The factual allegations in Paragraphs 18–38 inclusive are incorporated herein.

41. The respondent did not keep Ms. Selders, his client, reasonably informed about the status of the matter. He also failed to comply with reasonable requests for information about the case.

42. The respondent did not communicate with his client adequately in violation of Colo. RPC 1.4(a).

### I. CLAIM FIVE

The factual allegations in Paragraphs 18–38 inclusive are incorporated herein.

43. The respondent was terminated by Ms. Selders in early February of 2001. He did not return her file to her after being requested to do so.

44. The respondent did not timely return the client's file to her in violation of Colo. RPC 1.16(d).

45. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5.

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct which establish grounds for discipline as provided in C.R.C.P. 251.5, and the Colorado Rules of Professional Con-

duct and that he be appropriately disciplined and assessed the costs of these proceedings.